**472**                KENTUCKY REPORTS        [VOL. 91.

Boyd v. Randolph, Auditor's Agent.    Brown v. Commonwealth.

CASE·87—APPEAL FROM COUNTY COURT—APRIL 16.,

# Boyd v. Randolph, Auditor's Agent.
# Brown v. Commonwealth.

### APPEALS FROM CHRISTIAN CIRCUIT COURT.

1. PROCEEDING BY AUDITOR'S AGENT AGAINST SHERIFF AND SURETIES— REQUISITES OF NOTICE.—Where a sheriff has collected revenue on property not listed by the assessor,.and has failed to account for the same, and the Auditor's Agent proceeds against him and his sureties in the county court, as provided by section 3 of the Auditor's Agent act (chapter 93, General Statutes), it is not necessary that the notice filed should set forth the nature of the claim with such certainty as would be required in a petition on the bond, as the object of the proceeding is to have the court investigate the charge for the purpose of ascertaining whether any revenue that has been collected is unaccounted for, and if so, how much, and in what year collected, and which of the sureties are liable.

2. SURETIES IN DIFFERENT BONDS INCLUDED IN SINGLE SUMMONS.— Where the sureties in different bonds are proceeded against, all may be brought before the court by a single summons. While it is more regular to issue a separate summons against the sureties in each bond, yet this is not necessary.

3. No BILL OF EXCEPTIONS IS NECESSARY upon appeal to the circuit court from the county court in such a proceeding.

4. REPEAL OF STATUTE.—The remedy provided by this statute was not repealed by the revenue law of May 17, 1886, the two statutes not being inconsistent.

5. AUDITOR'S AGENT ACT CONSTITUTIONAL.—Section 3 of the Auditor's Agent act, under which this proceeding is had, is constitutional.

6. LIMITATION AS TO PENALTY.—The statute prescribing a limitation of one year as to a proceeding to recover a penalty (under which no plea of the statute is necessary in order to entitle defendant to a dismissal when the action is not brought within the time prescribed) applies only to actions purely penal, and not to civil actions where damages in the nature of a penalty are assessed. Therefore, in such a proceeding as this the statute of five years applies as to the damages, no limitation being fixed by the statute creating the liability. (General Statutes, chapter 71, article 3, section 2.)

7. SHERIFF'S COMMISSION DEDUCTED FROM PENALTY.—In enforcing the penalty in such a proceeding as this, the sheriff's commission of twenty-five per cent. for collecting the money should be deducted.

**Vol. 91.]** **JANUARY TERM, 1891.** **473**

Boyd v. Randolph, Auditor's Agent.   Brown v. Commonwealth.

8. INTEREST.—The judgment in such a proceeding should bear interest as to the principal debt, but not as to the damages.

**J. I. LANDES, HENRY J. STITES FOR APPELLANTS.**

1. There was no statute in force that authorized these proceedings against appellants. Section 3 of the Auditor's Agent act, under which the proceedings were commenced, had been repealed. But if not, it is unconstitutional and void, because there is no intimation in the title of the act of what is provided for in that section.

2. The Commonwealth was a necessary party to the proceedings. (Civil Code, section 18; McAlister's Ex'r v. Commonwealth, 6 Bush, 581.)

3. It was error to allow a single proceeding on the four official bonds of each of the ex-sheriffs. Each set of sureties was entitled to a separate hearing.

4. There is no cause of action set up in any of the "reports" against the respondents. The bonds are not filed or exhibited, and there is no allegation of covenants and undertakings, or of the breach of them. (Campbell v. Galbreath, 12 Bush, 459.)

5. It was no part of the duty of the sheriff to assess or value the property or to report the lists to the Auditor. That was the duty of the clerk. (Hoke v. Commonwealth, 79 Ky., 579.)

6. The sureties can not be made liable for money their principals collected not only without lawful authority, but in direct violation of law. (Middleton v. Caldwell, 4 Bush, 302; Anderson v. Thompson, 10 Bush, 132; Greenwell, &c., v. Commonwealth, 78 Ky., 320; Commonwealth v. Wilson, Sneed, 127; Commonwealth v. Wilson, 7 Ky. Law Rep., 666.)

7. A quietus is conclusive in favor of a collector and his sureties until it is annuled in a direct proceeding for that purpose, in a court of competent jurisdiction, on the ground of mistake or fraud. (Hobson, &c., v. Commonwealth, 1 Duv., 172.)

8. The appellants, Boyd and Brown, are entitled to the fees and commissions allowed by the statute in such cases. (Act of May 17, 1886, art. 11, sec. 25; Gen. Stats., edition 1887, page 1060; Gen. Stats. (original edition), chap. 92, art. 8, sec. 23.)

9. Appellants were not liable for the fifty per cent. penalty or damages adjudged against them.

10. The penalty was barred by limitation. (Gen. Stats., chap. 29, art. 1, sec. 23; *Idem*, chap. 71, art. 3, sec. 10.)

It appearing on the face of the "reports" that the penalty was barred, it was not necessary for the respondents either to demur on that ground or to plead the limitation by direct allegation. (Commonwealth v. Washington, 1 Dana, 446; Estill v. Fox, 7 Mon., 552; Means v. Frame, 5 Dana, 535; Hardin, 458.)

474            KENTUCKY REPORTS.            [VOL. 91.

Boyd v. Randolph, Auditor's Agent.    Brown v. Commonwealth.

WOOD & BELL FOR APPELLEES.

1. This proceeding was strictly in conformity with the method of procedure pointed out in section 3, chapter 93, of the General Statutes, regulating the acts of Auditor's Agents.

2. No arbitrary form of report is required. The report in this case contains all necessary averments.

3. The statute does not require that the report be filed in the name of the Commonwealth.

4. The Auditor's Agent act was not repealed by the revenue law of 1886 either directly or by implication. (L. & E. Mail Co. v. Barbour, Sheriff, 88 Ky., 73.)

5. The Auditor's Agent act is not unconstitutional. (Hoke v. Commonwealth, 79 Ky., 567; L. & N. R. Co. v. Commonwealth, 6 Ky. Law Rep., 90.)

6. Appellants are liable for the fifty per cent. penalty upon the sums collected and withheld. The law is imperative. (Gen. Stats., chap. 93, sec. 3.)

7. The pleadings do not raise the question of limitation. But even if limitation were properly pleaded, the statute could not begin to run until the discovery of the fraud.

8. Appellants were not entitled to twenty-five cents for each tax-list omitted by the assessor and twenty-five per cent. of the amount of taxes collected on such property so omitted, as is provided for in sections 25 and 26, article 6, chapter 92, General Statutes.

    While the acts of a *de facto* officer are valid, he can maintain no action against a municipality for compensation. (Matthews v. Supervisors, 24 Am. Rep., 715 (53 Miss.)

9. A suit to surcharge the settlement with the Auditor was not necessary. The quietus is not conclusive.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

These two cases involve the liability of two former sheriffs of Christian county, John Boyd and C. M. Brown, and their sureties, for taxes collected of delinquents, whose property had not been assessed or listed by the assessor, or in any other manner as required by law. The cases are similar, and have been considered as one.

The sheriffs, or their deputies, ascertaining that much property in the county had been omitted to

VOL. 91.] JANUARY TERM, 1891. 475

Boyd v. Randolph, Auditor's Agent.    Brown v. Commonwealth.

be listed for taxation, kept memorandum books of their own, in which they valued this property, collected the taxes, and failed to account for the amount to the Auditor, or in any settlement of their accounts. Boyd, it seems, trusted to his deputy, and in good faith believed that when his quietus was obtained that he had accounted for all the revenue collected either by himself or deputy.

The proceeding was had in the case under section 3, of chapter 93, General Statutes, providing: "That in all cases in which any sheriff or collector has collected revenue on property not listed by the assessor, and charged to him, and has failed to account for the. same, or has collected taxes from delinquents, and failed to account for the same, or in any other way failed to do his duty in regard to the revenue, it shall be the duty of the Auditor's Agent to report the same to the county court of the county, which court shall issue a rule or summons against such sheriff or collector, and his sureties, requiring them to appear in ten days after service to show cause why judgment should not be rendered against them for the amount claimed to be due; and, upon hearing, if the court is satisfied that such sum, or any part thereof, or any other sums, have been collected and not accounted for, it shall render judgment therefor, with fifty per cent. damages and the costs of the proceedings, and execution shall issue thereon  *  * returnable in sixty days  *  *: Provided, That said sheriff, or collector, may pay same at once to the agent of the Auditor and save costs."

The notice filed by the agent of the Auditor before

the county judge charged the sheriff with collecting
these taxes on property not assessed for several years,
and it also appearing that for each year he gave on
his bond different sureties, they were all united in
one summons issued by the county judge, and cited
to show cause why a judgment should not be ren-
dered for the taxes collected and unaccounted for, the
amount collected being stated with as much accuracy
as was possible under the circumstances. The amount,
however, collected for each year was ascertained, and
the sureties for that year were made liable for that
amount and no more.

It is claimed that a separate summons should
have been issued in each instance, and the bond
upon which the surety was sought to be made lia-
ble or its covenants set forth. The sureties and
the sheriffs, or their deputies, were all brought be-
fore the court by the summons, and being in court,
and knowing the nature of the charges made by both
the summons and the report of the agent of the State
upon which the summons was based, it seems to us
no greater accuracy should have been required. The
amount of the revenue collected, or how much, and to
what extent, on this property that had never been
listed, the county judge did not know, and could
not ascertain without recourse to the books of the
sheriff in which he had made the entries, or by sum-
moning every tax-payer in the county. When brought
before the court, the amount was not only ascertained,
but agreed on by the parties. This summons, or the
notice upon which it issued, was not required to set
forth the nature of the claim with such averments as

would be necessary in a petition on the bond; but, on the contrary, the court was investigating the charge with a view of ascertaining whether any revenue had been collected and unaccounted for, and if so, how much, and in what year collected, and which of the sureties were liable. It may have been more regular to have issued a separate summons against the sureties for each year, but a summons against all brought them before the court where the claims could be settled, and this is authorized by the section of the statute under which the judgment was rendered. The county judge rendered a judgment for the amounts collected during each year against the sureties for that year, and fifty per cent., the damages authorized by the statute, and disallowed the claim of the sheriff for listing and collecting the taxes. The case was appealed to the circuit court, and there heard *de novo*, and a like judgment rendered. The appeal was properly heard, and required no bill of exceptions, and the circuit judge rendering a judgment in favor of the Commonwealth of Kentucky instead of the Auditor, cured any defect in that part of the proceeding below.

It is insisted that this remedy, provided by section 3 of the Auditor's Agent act, was repealed by the act of May 17, 1886, title "Revenue and Taxation," under which the Auditor, where the sheriff, or any other collecting officer, fails to account for the revenue, may proceed against him by motion *in the Franklin Circuit Court*, or any other having jurisdiction, to obtain judgment. The fifth section of that act provides that "all other acts, general and special, and parts of acts, inconsistent herewith, *or not in con-*

*formity herewith, are hereby repealed.*" There is no
penalty annexed to the provision giving to the Audi-
tor this right to proceed in the Franklin Circuit Court,
except interest at the rate of ten per cent., or if there
is, the act is not inconsistent with the Auditor's Agent
act under which this proceeding was had   In the first
place the Auditor has no means of ascertaining that
any defalcation has been made in a case like this.
With the tax-books in his office, when the sheriff fails
to account, he can readily ascertain and know what
is owing, and there is no necessity for resorting to
the aid of an agent to find out what is due the State,
and this being the case, he can proceed, and such is
the proper remedy, in the courts designated by the
general revenue law, that is, the Franklin court, or
any other court having jurisdiction.  The case pre-
sented is where neither the tax-books, or any report
made by the sheriff, or settlement, shows that the
sheriff has revenue in his hands belonging to the State;
and the act under which this proceeding is had was
enacted for the very purpose of affording the means
and the remedy for collecting by the State this un-
paid revenue ; and whether the sheriff has his quietus
or not, this settlement upon which the quietus is based
applies only to the amount of revenue accounted for
to the Auditor, and not to that part of the revenue
collected and retained by the sheriff, and of which the
Auditor can have no means of information, except by
an investigation made by an agent, whose duty it is
to proceed to collect it if unaccounted for.

Besides, the very act under which the repeal is
claimed provides that the Auditor may proceed in

any court having jurisdiction, and the county court being invested with the power to render the judgment by this statute, still retains it in a case like the one before us. It is a distinct remedy for official misconduct of a particular character, for the recovery of the revenue and damages for its detention. It is no effort to correct a mistake made by the sheriff, in his settlement with the Auditor, but to recover revenue collected on property that was never assessed, and that the sheriff had no right to collect, and for which his sureties would not be bound but for the act under which this judgment was obtained. The act makes the sureties liable, and was intended to prevent sheriffs and collecting officers from proceeding to collect revenue on property that had never been assessed either by the assessor or county clerk, after the assessor had returned his books; and if the sheriff does collect and fails to account, a heavy penalty is attached.

The constitutionality of the act is settled in the case of Hoke v. Commonwealth, 79 Ky., 567, and although this particular section was not in question, the act, including this section, is clearly constitutional.

It is claimed by the appellants that the statute of limitation of one year applies to this case, and that although not pleaded, an action for the recovery of a penalty when limited must be brought within the period prescribed, or the action will be dismissed. This is true for purely penal actions, but not as to civil actions, where damages in the nature of a penalty are annexed.

Section 23, article 1, chapter 29, General Statutes, title "Crimes and Punishments," provides: "Prosecutions by the Commonwealth to recover a penalty for the violation of any penal statute or law, and an action or procedure at the instance of any person to recover any such penalty, shall be commenced within one year after the right to the penalty accrued, and not after, unless a different time is allowed by the law imposing the penalty. Prosecutions for profane swearing * * * shall be commenced within six months after the offense is committed, and not after."

This statute applies to prosecutions and actions entirely penal, and no plea of the statute of limitations is necessary to be made as a defense. The recovery, if an action is not brought within the time, will be denied. (Commonwealth v. Washington, 1 Dana, 446; Means v. Frame, 5 Dana, 535; Estill v. Fox, 7 Mon., 552.)

Here the statute of five years applies as to the damages, there being no limitation fixed by the statute creating the liability. (Article 3, chapter 71, General Statutes.) The title under which the one year limitation is found, that of *Crimes and Punishments*, would of itself indicate that its provisions did not apply, and was not intended to apply, to this class of cases.

In the case of Boyd there is some evidence of an agreement to pay what was due, so as to save costs, and an alleged violation of that agreement by counsel for the State. We do not understand that any such agreement was made as could be enforced, nor were the appellants willing to account for what

they owed unless there were certain deductions made from the amount collected by the sheriff. We think, however, the court below erred in not allowing these sureties or their principal twenty-five per centum of these taxes collected.

In such cases, where the sheriff discharges his duty as the law requires, and reports to the county clerk the lists of property that have been omitted, he is entitled to twenty-five cents for each list and twenty-five per centum of the taxes collected thereon. This large per cent. for collecting is an incentive to the discharge of these duties, and a failure to do more than collect, connected with the failure to pay over, makes the sheriff and his sureties liable for the sum collected and fifty per cent. on the amount as damages.

The proceedings are summary, but the penalty not more than adequate for the wrong committed, still, in enforcing this penalty, we perceive no reason why the sheriff should not be allowed his twenty-five per cent. for collecting the money. He should be allowed nothing for the lists of property, as he reported none to the county clerk ; but when the Commonwealth makes of the sheriff and his sureties the amount of money collected, and fifty per cent. damages thereon, it is but just and equitable that the commission of twenty-five per cent. should be deducted. The judgment should bear interest for the principal debt, but not for the damages.

The judgment below is reversed, with directions to credit the appellants with the twenty-five per cent. commission, and for a judgment in conformity with this opinion.