COOPERATIVE BUILDING AND LOAN ASSOCIATION ET AL. *v.* STATE, EX REL. DANIELS, COUNTY ASSESSOR.

[No. 18,991.    Filed April 18, 1901.]

TAXATION.—*Examination of Books and Records by County Assessors. —Building and Loan Associations.*—The provision of §8444 Burns 1894, giving a county assessor the right to examine books and papers of corporations for the purpose of listing and assessing property for taxation, applies to listing omitted property for taxation under §8531 Burns 1894. *pp. 465-467.*

SAME.—*Examination of Books and Records by County Assessor.— Mandamus.*—An action in mandamus will lie to require a building and loan association to permit a county assessor to examine its books and records, under §8444 Burns 1894, for the purpose of determining whether any of the stock had been omitted from taxation *pp. 467, 468.*

TAXATION.—*Examination of Books and Records by Taxing Officers.*—*Constitutional Law.*—The provision of §8444 Burns 1894, giving taxing officers the right to examine books and papers of taxpayers for the purpose of listing and assessing property for taxation, is not violative of the constitutional prohibition against unreasonable searches and seizures. *p. 468.*

SAME.—*Examination of Records of Building and Loan Associations.*—*Limitation.*—The examination of the books and records of a building and loan association for the purpose of finding property omitted from taxation may properly extend back to the time of the enactment of the law relating to the taxation of omitted property. *p. 468.*

SAME.—*Building and Loan Associations.*—Section 8507 Burns 1894, providing the manner of assessing building and loan associations, does not exempt the stockholders from taxation on the value of their credits in the association. *p. 469.*

SAME.—*Building and Loan Associations.*—A return to a petition for an alternative writ of mandate to require a building and loan association to permit the taxing officers to examine the records of the association for the purpose of determining whether any of its stock had been omitted from taxation, showing that all of its funds were loaned out to members on mortgages of real estate within the county, which had been duly assessed for taxation, is insufficient, where it is not alleged that all of the stockholders were borrowers. *p. 469.*

From the Jackson Circuit Court.   *Affirmed.*

*O. H. Montgomery,* for appellants.

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C. Hadley* and *D. A. Kochenour,* for appellee.

BAKER, J.—Mandamus. Relator, as county assessor, applied for the writ to require appellants, a building and loan association and its president and secretary, to permit relator as assessor to examine the association's books and records for the purpose of determining whether any of the stock had been omitted from taxation. Demurrer to petition and alternative writ was overruled. A return in five affirmative paragraphs was filed, to each of which a demurrer was sustained. On appellants' refusal to plead further, a peremptory writ was awarded. The rulings on the demurrers are assigned as errors.

The sufficiency of the petition and alternative writ is affirmed in *State* v. *Real Estate, etc., Assn.,* 151 Ind. 502, and *State* v. *Workingmen's, etc., Assn.,* 152 Ind. 278; but the authority of those cases is challenged upon the grounds, (1) that the proper construction of the tax laws denies the relator's alleged right to an examination of the association's books, and (2) that if the contrary interpretation is adhered to, the guaranties of the federal and State Constitutions against unreasonable searches and seizures will be violated.

Section 8531 Burns 1894, §6380 Horner 1897, requires "the county assessor, at any time during the year, to list and assess upon the proper assessor's books in the office of the county auditor any omitted property that he may discover and which should be assessed." Building and loan stock, debenture, prepaid, and running, is taxable to the owner at its true cash value. *Deniston* v. *Terry,* 141 Ind. 677; *Harn* v. *Woodard,* 151 Ind. 132. Section 8444 Burns 1894, §6302 Horner 1897, gives to various tax officials, including the county assessor, "for the purpose of properly listing and assessing property for taxation   *   *   *   the right to inspect and examine the records of all public offices, and the books and papers of all corporations and taxpayers in this State, without charges; and   *   *   *   to administer all necessary oaths or affirmations in the discharge of their duties". The county assessor also has the power to add omitted property to the tax duplicate after giving the owner notice and an opportunity to show cause why the addition should not be made. §§8531, 8560 Burns 1894, §§6380, 6409 Horner 1897.

Appellants contend that the examination of books and papers mentioned in §8444 Burns 1894, can not relate to the assessment of omitted property because that provision comes in a later and different part of the act. The general tax law of 1891 comprises 259 sections, divided into twenty-nine articles. Section 8444 Burns 1894 (§34 of the

act) is in article 5, entitled "definitions and rules". The application of the definitions and rules could hardly be limited to the article devoted to definitions and rules; and if they are not to be applied to the whole act, to what follows as well as to what precedes article 5, then §8444, *supra,* is wholly inoperative, because the listing and assessment of property, the creation of the offices and the prescription of the officers' duties are covered by articles 6 to 17 inclusive.

Appellants also argue that a proper construction of §8444, *supra,* would limit the right of the assessor to examine books and papers to times when he was making up the original assessment lists between April 1st and June 1st and when he was adding omitted property to the duplicate after notice to the owner. The assessor's duty in respect to original assessment lists and his duty as to omitted property are both prescribed in §8531, *supra.* Why the right given by §8444, *supra,* to examine books and papers "for the purpose of properly listing and assessing property for taxation" should apply to one part of §8531, *supra,* (or to the township assessor) and not to the other (or to the county assessor), is not apparent. It is no more inquisitorial in its nature to pry into the private affairs of a taxpayer by the examination of him and others after the original assessment lists have been made than it is before or while they are being made. The taxpayer should correctly list and value his taxable personalty; but if he does not, or if the assessor is in doubt, the assessor is authorized and required to examine other persons under oath as to the truth of the matter. §8461 Burns 1894, §6319 Horner 1897. But if, even then, property has been omitted, it should not escape taxation. The fact that the omitted property was not discovered while the original lists were being made would seem to indicate that the assessor should have at least as much power in searching later as in the first instance. It is true that, in adding omitted property to the duplicate, there must be a notice and hearing given the owner, a quasi-judicial pro-

ceeding; but there is no greater reason for claiming that an inquisition as to omitted property can only be had in aid of a pending quasi-judicial proceeding to add the omitted property to the duplicate than for claiming that an inquisition as to the correctness of the original list can only be had in aid of a pending quasi-judicial proceeding to list and assess the property correctly in the first instance. Yet the assessor need not give the taxpayer notice and an opportunity to be present when he conducts an inquiry into the correctness of the original listing and assessment. Appellants' error seems to be basal, arising from their assertion that these provisions of our tax law are in derogation of common right and should be strictly and narrowly construed. On the contrary, these measures for reaching omitted property are in aid of the common right of all the people, who are the sovereign, and should be liberally interpreted in support of the taxing power. *Hunter Stone Co.* v. *Woodard*, 152 Ind. 474; *Graham* v. *Russell*, 152 Ind. 186.

It is the further insistence of appellants that mandamus will not lie. The statute authorizes the issuance of the writ "to compel the performance of an act which the law specially enjoins". §1182 Burns 1894, §1168 R. S. 1881 and Horner 1897. Section 8444, *supra*, gives the taxing officers therein named the right to examine books and papers for the purpose of finding omitted property, irrespective of the pendency of proceedings against any taxpayer to add omitted property to the duplicate. Rights and duties are correlative. The statute that specially gives the right to examine books and papers, of necessity specially enjoins the duty to submit the books and papers to examination. In *Paul* v. *McGraw*, 3 Wash. 296, 28 Pac. 532, the statute there under consideration provided that the records of shareholders in a national banking association should be "subject to the inspection of the officers authorized to assess taxes under state authority", and it was held that the bank and its officers were under the legal duty to exhibit the records

to the tax officers on demand and that mandamus was the proper remedy to enforce the performance of that duty. See also: *State* v. *Mayhew,* 2 Gill (Md.) 487; *Firemen's Ins. Co.* v. *Mayor,* 23 Md. 296; *People* v. *State Ins. Co.,* 19 Mich. 392; *Person* v. *Warren R. Co.,* 32 N. J. L. 441; *Board, etc.,* v. *Willamette, etc., Co.,* 6 Ore. 219.

It is claimed that this interpretation of the tax law brings it into conflict with the fourth amendment of the federal Constitution, which provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated". This restriction operates upon the national government alone, and was not intended to limit the powers of the state governments in respect to their own people. *Spies* v. *Illinois,* 123 U. S. 131, 166, 8 Sup. Ct. 21, 31 L. Ed. 80.

The same provision is found in article 1, §11, of our State Constitution. The prohibition is of *unreasonable* searches and seizures. In the provisions made by the legislature for searching for property omitted from taxation there is nothing unreasonable. If the omission was accidental, the owner ought not to complain; and if intentional, he ought not to be heard, except as to the truth of the supposed discoveries. On the general subject of what searches and seizures are not unreasonable, see: *Shuman* v. *City of Ft. Wayne,* 127 Ind. 109, 11 L. R. A. 378; *Levy* v. *Superior Court,* 105 Cal. 600, 38 Pac. 965, 29 L. R. A. 811; *Langdon* v. *People,* 133 Ill. 382, 24 N. E. 874; *Gindrat* v. *People,* 138 Ill. 103, 27 N. E. 1085; *Glennon* v. *Britton,* 155 Ill. 232, 40 N. E. 594; *State* v. *Mayhew,* 2 Gill (Md.) 487; *State* v. *Newman,* 96 Wis. 258, 71 N. W. 438; *In re Chapman,* 166 U. S. 661, 17 Sup. Ct. 677, 41 L. Ed. 1154.

The first paragraph of return states that appellants were and are ready to submit their books and papers to examination for property omitted from taxation for the year 1898, but not for any previous year. The examination may properly extend back to the time of the enactment of the law relating to taxation of omitted property,

The second paragraph alleges appellants' compliance with the requirements of §8507 Burns 1894, §6353 Horner 1897. That section does not exempt the stockholders from taxation on the value of their credits in the association.

The third paragraph avers that the assessor made no demand for an examination of the books until after the regular period for making and reviewing assessments for the year 1898 had elapsed and that no proceeding was then pending before any officer, court or tribunal in the county for the purpose of assessing omitted property. Omitted property may be assessed at any time of year. Assessors may search for omitted property independently of any proceeding to add omitted property to the duplicate; they should first find it.

From the fourth paragraph it appears that the association has never issued any debenture or prepaid stock, that on the first day of April of each year all its funds were loaned out to members on mortgages of real estate within the county, which had been duly assessed for taxation, and that the assessment of stock to its members would be double taxation. If it were conceded that stock which has been borrowed upon has no cash value to the member, this return would be insufficient, for it is not alleged that all the members were borrowers. The stock of a non-borrower is a taxable credit.

In the fifth paragraph certain facts are pleaded to effect an estoppel against the State. It is not stated that all the shareholders did the acts and relied on the conditions which are assumed to create a bar.

Judgment affirmed.