CASE 20—PROCEEDING BY F. S. WATSON, AUDITOR'S AGENT AGAINST
THE CURATORS OF GEORGE RILEY, DECEASED, FOR FAILING TO LIST
CERTAIN PROPERTY OF SAID ESTATE FOR TAXATION.—MARCH 17.

# Commonwealth v. Riley's Curators.

APPEAL FROM MASON CIRCUIT COURT.

PROCEEDINGS DISMISSED ON DEMURRER AND THE COMMONWEALTH AP-
PEALS. REVERSED.

TAXATION—DECEDENT'S   ESTATE—UNLISTED   PROPERTY—SUFFICIENCY
OF DESCRIPTION—POSSESSION BY CURATOR—LIABILITY.

Held:   1. Kentucky Statutes (1899), section 4052, provides that the
     person owning or possessing property on September 15th shall
     list it with the assessor, and section 4241 requires the aud-
     itor's agent to cause property omitted to be listed, and to file
     in the clerk's office a statement containing a description and
     value of such property.  HELD, that a statement designating prop-
     erty sought to be taxed as "money, notes, bonds, mortgages, cer-
     tificates, and national bank stock," etc., sufficiently described it.
2. Under Kentucky Statutes (1899), section 4052, providing that a
     person owning or possessing property on September 15th shall
     list it for taxation, and remain bound for the tax, though he
     may have sold or parted with it, the curators of an estate,
     who have failed to list the property thereof while in their pos-
     session, may be proceeded against, and the tax collected, even af-
     ter they have parted with possession of the property.

G. A. CASSIDY, ATTORNEY FOR THE COMMONWEALTH.

L. W. ROBERTSON, GARRETT S. WALL, E. L. WORTHINGTON
AND W. D. COCHRAN, FOR APPELLEES.

     (No briefs in the record.)

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

On the 31st day of October, 1901, F. S. Watson, auditor's
agent for Mason county, Ky., filed in the county court of
Mason county a statement alleging that certain property
in the hands of appellees, as curators of George Riley, de-
ceased, amounting to $80,000, was by them omitted to be

assessed or listed for taxation for the year 1897, and charged that they had this property in their possession, as such curators, on and after the 15th day of September, 1896, and that they afterwards distributed said estate without ever having listed or paid any tax thereon. It appears that the demurrers to the information and statement were sustained by the lower courts upon the grounds that the statement did not describe the property sought to be assessed as is required by section 4241 of the Kentucky Statutes of 1899. With reference to the description of the property by the auditor's agent in his statement it is, in substance, alleged that the curators, Benjamin Longnecker and J. D. Riley, failed, omitted, and neglected to list moneys, notes, mortgages, and certificates of deposit to the extent of $80,000, all of which was subject to assessment, and should have been listed, but was not listed with the assessor or the board of supervisors of the county, all of which was subject to taxation, but was not assessed, and escaped taxation, although subject to revenue taxes for State purposes for that year.

Section 4241 of the Kentucky Statutes of 1899, reads as follows, to-wit: "It shall be the duty of the sheriff or auditor's agent to cause to be listed for taxation all property omitted or any portion of property omitted by the assessor, board of supervisors, board of valuation and assessment, or railroad commission, for any year or years. The officer proposing to have such property assessed shall file in the clerk's office of the county in which the property may be liable to assessment, a statement containing a description and value of the property proposed to be assessed, . . . and the name and residence of the owner, his agent or attorney or person in possession of the property and the year or years for which the property is proposed to be assessed.

. . . On the filing of this statement, the clerk of the court shall issue a summons against the owner to show cause . . . why such property, if any, shall not be assessed at the value named in the statement filed. . . . If it shall appear to the court that the property is liable for taxation, and has not been assessed, the court shall enter an order fixing the value thereof at its fair cash value, estimated as required by law; if not liable, he shall make an order to that effect. From so much of the order of the court deciding whether or not the property is liable to assessment, either party may appeal as in other civil cases. . . ." Appellees contend that the description of the property in the information filed is insufficient. to-wit, "money, notes, bonds, mortgages, certificates and national bank stock of the value of $80,000.00;" and also that their demurrer was properly sustained. They contend that the information should have stated how much of the $80,000 was money, how much was notes, and how much of each.

Even if they were correct in this, the proper way to have reached it would have been by motion to make the information more specific, and not by demurrer. By their demurrer they admitted that they had in their possession, as such curators, property of the decedent, Riley, which was subject to taxation, and which was not taxed for the year 1897, of the value of $80,000. They were in a better position to know the truth or incorrectness of this allegation, and the kind and character of such property, and the amounts of each, if any, than the appellant. Under section 4052 of the Kentucky Statutes of 1899 it was their duty to list with the assessor all the estate of every kind that they had in their hands as such curators, on the 15th day of September, 1896. They were bound for the taxes, notwithstanding they may have parted with the property. In

the case of the Commonwealth, by etc., v. Singer Mfg. Co. (14 R., 732), 21 S. W., 354, in discussing section 4241 of the Kentucky Statutes of 1899 (the auditor's agent act), the court, by Judge Hazelrigg, said: "The information on which the court is expected to act under this law must be, from the nature of the case, somewhat general. The citation is rather to search the conscience of one who is presumably evading the taxgatherer. It is the duty of each citizen to help bear the burden of taxation in common with his fellow, and equally with him; and even upon slight information that he is violating this duty the court should give him an opportunity to perform it."

Appellees further contend that they are not bound for the tax, because after the 15th day of September, 1896, and before the beginning of the year 1897, they had parted with the possession of the property. The case of Baldwin v. Shine, etc., 84 Ky., 507, 8 R., 496, 2 S. W., 164, was where one Robert B. Bowler, of Hamilton county, Ohio, died intestate, being then the owner of a large estate in both that and this State. Administration was granted in both States. Eli C. Baldwin became the administrator of his estate in the State of Kentucky. He acted as such administrator for several years, and it appears that large amounts of property and money came into his hands as such administrator. The auditor's agent filed in the Kenton county court an information against Baldwin, as the administrator of Bowler, in which it was stated that from 1865 to 1882, inclusive, the latter had in his hands each year a certain amount (naming it and the year) of assets, which were subject to taxation under the revenue laws of this State. He filed a response, setting up his settlement, the distribution and discharge from the trust, and it appearing that he had settled with the county court, and distributed the estate

among the distributees, and been discharged from the trust. The court in that case, after referring to the section of the statute above quoted, used this language: "The assessment is made as of a certain day of each year. The liability is fixed as of that day, and the owner or possessor of the property upon that day is bound for the tax, although he may subsequently part with it. While the law contemplates that the owner (or possessor) will be called upon by the assessing officer for his list, and makes it the duty of the latter to do so, yet it equally contemplates that all property liable to taxation shall be assessed. . . . It is manifest from these statutory provisions that it was not intended that property should escape taxation by the government which protects it either because the assessor fails to call upon the owner or possessor for his list, or because the latter parts with it before he is proceeded against, but after the time when the liability becomes fixed." The court in this case held the administrator liable for the taxes for the several years, although he had made a final settlement with the county court, and distributed the estate among the several distributees. We are of opinion that the lower court improperly sustained appellees' demurrer.

For these reasons the case is reversed, and the cause remanded for further proceedings consistent herewith.