Case 8.—PROCEEDING BY THE COMMONWEALTH OF KENTUCKY TO THE USE OF A. J. BIZOT AS REVENUE AGENT AGAINST W. R. BELKNAP, &c., TO COLLECT TAXES ON OMITTED PROPERTY.—March 7.

120    59;
f121   438

## Belknap, &c. v. Commonwealth, to use of, &c.

Appeal from Jefferson Circuit Court (Common Pleas, 2d Division).

Thos. R. Gordon, Judge.

Judgment for plaintiff. Defendants appeal. Affirmed.

Taxation—Omitted Property—Proceeding in County Court—Plea "Not Guilty"—Sufficiency.

Taxation—Omitted Property—Proceeding in County Court—Plea "Not Guilty"—Sufficiency—In a proceeding by auditor's agent in the county court, in which he filed a statement alleging in substance that defendant had failed and refused to list for taxation for the year 1900 notes, bonds, securities, investments and cash owned by him on September 15, 1899, which were of the cash value of $50,000, at the price they would bring at a fair voluntary sale, on which summons was issued and served on defendant, who appeared and entered a plea that he was "not guilty" of the matters and things set forth in the statement, which plea, on the motion of the Commonwealth, was stricken out and defendant declined to plead further. Held— That there was nothing of a criminal nature in the proceeding, and the plea of "not guilty" was properly stricken out, and defendant not having made a motion that the statement be made more specific, and failing to file an answer controverting same, the county court properly entered a judgment against defendant for the taxes on the $50,000, and 20 per cent damages thereon.

HUMPHREY, HINES & HUMPHREY, for appellants.

POINTS AND AUTHORITIES.

1. Section 4241 provides for assessing specific property known to the revenue agent and not for an inquisition:

a. Analysis of section.

b. This has been the uniform practical construction.

c. The proposed inquisitorial procedure necessitates resort to a palpable subterfuge.

d. The summons to show cause is no mandate for an inquisition.

e. Procedure according to the Civil Code is not required, and the procedure is purely ministerial and not judicial. (Pennington v. Woodfolk, 79 Ky., 13; Hoke v. Commonwealth, 79 Ky., 567; Baldwin v. Shine, 84 Ky., 502; Baldwin v. Hewitt, 88 Ky., 673.)

f. The county court has only such powers of assessor as are expressly conferred.

g. What is proposed necessarily involves an effort to compel incrimination.

h. Decisions of this court examined. (Commonwealth v. Singer Manufacturing Co., 14 Ky. Law Rep., 732; Commonwealth v. Riley's Curators, 24 Ky. Law Rep., 2005; Commonwealth v. Collins, 24 Ky. Law Rep., 2042; Commonwealth v. Zweigart's Adm'r, 24 Ky. Law Rep., 2147; Sebree v. Commonwealth, 25 Ky. Law Rep., 121; Commonwealth v. Adams Express Co., 26 Ky. Law Rep., 190.)

Belknap, &c. v. Commonwealth, to use of, &c.

i. Indiana system discussed. Co-operative Association, etc., v. State, 156 Ind., 463.

j. Express legislative authority would be necessary for the pur-posed inquisitorial proceeding. (Turner v. Pewee Valley, 100 Ky., 288.)

k. Grave questions of policy involved, which the Legislature would have to meet and provide for if it undertook to authorize the inquisitorial procedure.

1. Proposed inquisitorial procedure is a radical departure from the uniform practice which the legislature has not attempted to change. (Butler, Sheriff, v. Watkins' Executors, 16 Ky. Law Rep., 302.)

2. Section 4241 is itself penal; therefore, defendants can not be required to furnish any evidence either by pleading or testifying. (Johnson v. Commonwealth, 7 Dana, 338; Boyd v. United States, 116 U. S., 616-637; Commonwealth v. Neat, 89 Ky. 241; L. & N. v. Commonwealth, 112 Ky., 635-644.)

3. Independent of the meaning or character of the statute, the defendant should not be compelled to file a pleading which, if it discloses any omitted property, will supply evidence tending to sustain a criminal prosecution. (Wyles v. Berry, 25 Ky. Law Rep., 606; Counselman v. Hitchcock, 142 U. S., 547; Atterberry v. Knox, 8 Dana, 282; Brown v. Walker, 161 U. S., 591.)

F. M. SACKETT for appellants.

POINTS AND AUTHORITIES.

Section 4241, Kentucky Statutes.

1. The Commonwealth's construction of the statute. (5th Ed. Cooley Constitutional Limitations, p. 220.)

a. Renders the act unconstitutional. (Section 171 Constitution of Kentucky; 14th Amendment to U. S. Constitution; 1 Cooley on Taxation, 3d Ed., p. 254; Magoun v. Ill. Trust and S. B. Co., 170, U. S., 293; Louisville Tobacco Wh'se. Co. v. Commonwealth, 20 Ky. Law Rep., 1747-50; Hays v. Commonwealth, 21 Ky. Law Rep., 1418; Crocket v. Village of Barre, 29 Atl. R., 147; Hoke v. Com-monwealth, 79 Ky., 574; Cooley on Taxation, 2 Ed., p. 1359; Cassidy v. Young, 92 Ky., 229; 20 Am. and Eng. Ency. of Law, p. 793; Commonwealth v. Newall, Judge, 24 Ky. Law Rep., 1197.

b. Delegates to agent a power greater than legislature possesses. (Pembina Mining Co. v. Penna., 125 U. S., 188.)

2. The true interpretation of the act renders it constitutional.

3. The act gives the auditor's agent and county court only ministerial powers and thereby insures the true interpretation of the law. (Baldwin v. Hewitt, 88 Ky., 673; Cassidy v. Young, 92 Ky., 227; Baldwin v. Shine, 84 Ky., 502; Lou. Water Co. v. Clark, 94 Ky., 886; Commonwealth v. Newell, 24 Ky. Law Rep., 1197;

Commonwealth v. Morehead, 24 Ky. Law Rep., 1927; Butler, Sheriff, v. Watkins' Ex'rs, 16 Ky. Law Rep., 302.)

KOHN, BAIRD & SPINDLE and DODD & DODD for appellants.

We are not to be understood as contending that an action by the Commonwealth simply to assess a citizen and collect its taxes is penal, or that in such an action it may not make him a witness in its behalf and against himself, nor do we contend that it is prohibited by the Constitution from enforcing its tax laws by penalties; but we do contend that when it selects the penal method of enforcing its tax laws it is prohibited by the Constitution from the aid of a discovery from the accused person in its courts. Merely to sue for an assessment as a basis for the collection of its taxes is to appear in its courts as an ordinary litigant, but to enforce this by the imposition of a penalty, and include such penalty in its suit, is to appear as a sovereign, and the suit is inquisitorial and therefore adherent to principles of free government.

The twenty per cent. fee to the Revenue Agent under the present law, like treble taxes under the law in the Johnson case, 7 Dana, is intended as a punishment to the delinquent for his failure to list all his property, and to compel him, by fear of the penalty, to omit nothing taxable. Under the present law, upon every dollar of omission he pays a penalty of twenty per cent.; in the Jonhson case he paid three hundred per cent. The difference is one of degree. Both laws are equally penal; the difference is only in the extent of the punishment.

WM. H. HOLT for appellee.

H. M. LANE & H. M. PECKENPAUGH of counsel.


POINTS AND AUTHORITIES.

This is a civil proceeding, based upon a remedial statute; therefore the plea of "not guilty" does not lie. (Ky. Stats., secs. 1138-4120-4241-4260; Marion County v. Wilson, 105 Ky. Reps., 302; Com. of Ky., by, &c. v. Adams Express Co., 26 Ky. Law Rep., 190; Com. v. Nute, 24 Ky. Law Rep., 2138; Com. of Ky., by, &c., v. Singer Mfg. Co., 14 Ky. Law Rep., 732; Sebree v Com., 25 Ky. Law Rep., 121; Fleming v. Sinclair, Auditor's Agent, 22 Ky. Law Rep., 499.)

BENJAMIN F. WASHER for Commonwealth.

N. B. HAYS, Att'y Gen'l.

M. J. HOLT of counsel.

Let us present a brief resume of the case.

Belknap, &c. v. Commonwealth, to use of, &c.

(1.) The act provides that the defendant must show cause against tax proposed.

(2.) The act provides that the proceeding is to be as in other civil cases.

(3.) Criminal offenses and penal prosecutions are provided by other sections than 4241.

(4.) The old statute provided that the property owner should pay ten per cent. interest per annum on taxes due upon omitted property, and the State pay the Revenue Agent twenty per cent. of the amount collected. The present law requires no interest of the tax payer, but provides that he must compensate the revenue agent with a commission of twenty per cent.

(5.) The proceeding is intended to search the conscience of the taxpayer.

(6.) In the event no answer is filed by the defendants, the allegations of the statement are taken as confessed as in civil cases, and not considered as denied as where an accused fails to plead.

(7.) The proceeding does not abate with the death of the defendant, but continues against his administrator. It may be filed originally against an estate and the penalty collected.

(8.) Where the defendant is successful, the Commonwealth may appeal and hold him under reversal.

(9.) Laws imposing punishment for offenses against the public are such as the executive of the State has power to pardon. No such feature about section 4241.

(10.) The limitation on actions under the statute is fixed as provided in civil, not criminal, cases.

(11.) The proceedings under sections 4241 and 4260 contemplate only the assessment of property omitted by the assessor. Nothing in statute or statement seeks to surcharge or falsify a sworn schedule.

(12.) The county court does nothing more than exercise the usual and ordinary powers of an assessor, which involves the right to examine the taxpayer. It even possesses, under section 4241, the extraordinary authority of the State Board of Valuation and Assessment.

(13.) If possible preference be a defense, then no assessor can lawfully act. It is equally destructive of all correct assessment to deny the Commonwealth the right to question a schedule.

(14.) The law, the reason and the justice of the case dictate that section 4241 should be liberally construed as an act in aid of the public revenues, and not strictly interpreted as a mere punishment provision.

(15.) A writ of prohibition ought not to be invoked in this court when the circuit court has plenary power to hear and determine the question submitted.

(16.) The writ of prohibition is not proper to test the correctness of a ruling by a subordinate court; it can not be employed as a substitute for an appeal; it is never used to legislate into a statute the right of appeal where the law-making power has granted none.

(17.) Adequate provisions for an appeal exist.

(18.) The added twenty per cent. may be considered interest, costs, commission or liquidated damages. In no aspect is it a fine, or its purpose punishment.

OPINION BY CHIEF JUSTICE HOBSON.—Affirming.

This proceeding was instituted by A. J. Bizot, as revenue agent of Jefferson county, in the name of the Commonwealth, against W. R. Belknap, under section 4241, Ky. St., 1903, by filing a statement in the Jefferson county court, in which it was alleged, in substance, that the defendant had failed and refused to list for taxation for the year 1900 notes, bonds, securities, investments, and cash owned by the defendant on September 15, 1899, which were then of the cash value of $50,000, estimated at the price they would bring at a fair, voluntary sale. A summons was issued on the statement, which was served on the defendant. He appeared in the action, and entered a plea that he was not guilty of the matters and things set forth in the statement. The commonwealth moved to strike out the plea of not guilty, as insufficient. The court sustained the motion and struck out the plea. The defendant declined to plead further, and the court, by reason of his failure to plead further, without hearing any evidence, entered a judgment against him as prayed in the statement. From this judgment he appealed to the Jefferson circuit court, which sustained the judgment of the county court, and from the circuit court he prosecutes the appeal before us.

By section 4120, Ky. St., 1903, it is provided that should "any property escape assessment by the assessor or supervisors, in whole or in part, it may be

assessed as provided in section 4241.'' Section 4241,
Ky. St., 1903, is as follows: ''It shall be the duty of
the sheriff or auditor's agent to cause to be listed for
taxation all property omitted, or any portion of prop-
erty omitted by the assessor, board of valuation and
assessment or railroad commission, for any year or
years. The officer proposing to have such property
assessed shall file in the clerk's office a statement con-
taining a description and value of the property pro-
posed to be assessed, and the value of corporate fran-
chise, if any, and the name and place of residence of
the owner, his agent or attorney, or person in possess-
ion of the property, and the year or years for which
the property is proposed to be assessed. Within five
years after the filing of such statement, the clerk of
the court shall issue a summons against the owner to
show cause before the next regular term of the county
court, which does not commence within five days after
service of such summons, why such property or cor-
porate franchise, if any, shall not be assessed at the
value named in the statement filed. The summons shall
be executed by the sheriff of the county by delivering
a copy thereof to the owner, if in the county, if not,
then to his agent, attorney or person in possession of
the property. At the next regular term of the county
court after notice has been served five days, if it shall
appear to the court that the property is liable for
taxation, and has not been assessed, the court shall
enter an order fixing the value thereof at its fair cash
value, estimated as is required by law; if not liable,
he shall make an order to that effect. From so much
of the order of the court deciding whether or not the
property is liable to assessment, either party may ap-
peal, as in other civil cases, except that no appeal
bond shall be required where the court decides that

the property is not liable to assessment or taxation. If the court shall decide that the property is liable to assessment, the clerk of the county court shall certify to the auditor of public accounts and the sheriff a description of the property and the amount of the assessment for taxation, together with the amount of penalty and cost of assessment. All persons owning property which may be assessed as herein provided shall, in addition to the taxes, pay a penalty of twenty per centum on the amount of the taxes due and cost of assessment, except where such property shall have been duly listed by the owner thereof. The taxes and penalties shall be collected and accounted for as other taxes and penalties are required to be collected. As compensation for his services in causing such property to be assessed, the officer filing his statement shall be entitled to the penalty, which shall be paid to him after the full amount of taxes shall have been collected. The county clerk shall enter all such assessments in a book to be kept for that purpose, showing the date of the assessment, the name of the person against whom the assessment is made, the location and quantity of the property assessed, the value fixed thereon; and the officer collecting the tax shall, when the same is paid, notify the clerk of its payment, which payment shall be noted by the clerk opposite the entry of such assessment.''

It will be observed that the statute provides for the listing for taxation of all property omitted, or any portion of property omitted, by the assessor, board of supervisors, board of valuation and assessment, or railroad commission, for any year or years. The officer proposing to have the property assessed must file in the clerk's office of the county in which the property is liable to assessment a statement containing a description of the property and its value, the

name and place of residence of the owner or person in possession of the property, and the year or years for which the property is proposed to be assessed. Within five days (the word "years" in the statute is a clerical error, evidently, for "days") after the filing of the statement, the clerk of the court shall issue a summons against the owner of the property to show cause at the next regular term of the county court, which does not commence within five days after the service of the summons, why the property should not be assessed at the value named in the statement. At the next regular term of the court after notice has been served five days, if it shall appear to the court that the property is liable for taxation and has not been assessed, the court shall enter an order fixing its value as provided by law, or, if it is not liable to assessment, he shall make an order to that effect. From so much of the order of the court as decides whether or not the property is liable to assessment, either party may appeal as in other civil cases. If the court shall decide that the property is liable to assessment, a penalty of 20 per cent. is added to the taxes, and the taxes and penalty must be collected and accounted for as other taxes. For compensation for his services in causing the property to be assessed, the officer filing the statement is entitled to the penalty of 20 per cent., which is to be paid to him after the full amount of the taxes is collected. There can be no doubt that the proceeding provided for by this section is a civil proceeding. It is so recognized in the statute, by the provision that either party may appeal as in other civil cases, and by the further provision that a summons shall be issued against the owner to show cause why the property should not be assessed at the value named in the statement.

It can not be maintained that the statute is uncon-

stitutional. From the foundation of the Commonwealth, the Legislature has imposed upon the owners of property the duty of reporting it for taxation. By the statute he is compelled to make a personal disclosure, under oath, to the assessor or the board of supervisors. If the Legislature may compel him to do so to the assessor or the board of supervisors, it may, in the exercise of its power of taxation, if it sees fit, compel him to do so before other officers. In Commonwealth v. Singer Manufacturing Company, 14 Ky. Law Rep., 732, 21 S. W., 354, which was a proceeding under section 4241, this court said: "The information on which the court is expected to act under this law must be, from the nature of the case, somewhat general. The citation is rather to search the conscience of one who is presumably evading the tax-gatherer. It is the duty of each citizen to help bear the burden of taxation in common with his fellow, and equally with him; and, even upon slight information that he is violating this duty, the court should give an opportunity to perform it." In Marion County v. Wilson, 105 Ky. 302, 20 Ky. Law Rep.,1452, 49 S. W., 8, 799, the assessor called at appellee's house to take a list, and, she not being at home, returned her list the same as the year before. On notice to her, the board of supervisors raised her list $30,000. She appealed from this decision to the county judge, who held that the burden of proof was on her to show that the assessment was wrong. She declined to introduce any proof, and her appeal was dismissed. The judgment of the county court was affirmed by this court. Among other things, the court said. "Our whole assessment system rests on the fact that it lays hold of the conscience of the taxpayer. He is required to make a minute list, under oath, of his property; and, when he complains of the action of the assessor or the

board of supervisors, the same appeal to his con-
science should be required. Any other rule would
allow great abuses.''

It is said that section 4241 is a penal statute, be-
cause 20 per cent. penalty is allowed, and that any
proceeding under it is a criminal or quasi criminal
prosecution. The history of the act will throw light
upon its proper construction. The original act of
April 29, 1880, allowed the agent for his services 20
per cent. of all sums recovered and paid into the
treasury under proceedings similar to those provided
for by the present statute, and the owner of the omit-
ted property was required to pay interest at 10 per
cent. per annum on the assessment made by the county
court. But this plan, as it was soon found, held out
an inducement to taxpayers to take the chances, and
not to list their property, as, by paying as soon as
the assessment was made, they escaped the payment of
any interest, and the State lost 20 per cent. of her
taxes. So in the revision of the statutes the interest
at 10 per cent. was omitted, and the 20 per cent. al-
lowed the agent was required to be paid by the tax-
payer. In this way the State suffered no loss by the
failure of the owner to list his property, and the op-
portunity was taken away for property owners to be
remiss without loss to themselves, in order that the
revenue agents might make a commission. The
statute simply provides a way of paying the revenue
agent for his services at the expense of the delinquent
taxpayer. Similar statutes are common, and have
never been considered as changing the character of the
proceeding in which such allowances are made from a
civil to a criminal proceeding. In civil cases a taxed
attorney's fee is allowed the successful party, and in
some cases the unsuccessful party is required to pay
the entire attorney's fee of the plaintiff. A tenant is

liable for treble damages in cases of voluntary waste.
(Ky. St., 1903, sec. 2328.)    A landlord may recover
double rent on the refusal of a tenant to vacate at
the expiration of his lease.    If property is distrained
or attached without good cause, the owner of the prop-
erty may recover damages for the seizure, including
reasonable attorney's fees.    (Ky. St., 1903, sec. 7.)
The case of Johnson v. Commonwealth, 7 Dana, 338,
rests upon very different principles.    In that case the
defendant was subject to a fine and treble tax.    There
is nothing of a criminal nature in the case before us.
No execution can issue upon the judgment of the
county court, except an ordinary fieri facias for the
costs.    The taxes assessed by the court go into the
the sheriff's hands for collection, and are collected
by him just as other taxes.    The 20 per cent.
added to them stands on the same plane as the
6 per cent. which is added to other taxes that are un-
paid on the 1st of December of each year.    We there-
fore conclude that there is nothing of a criminal
nature in the proceeding, and that the plea of not
guilty was properly stricken out.    (Boyd v. Randolph,
91 Ky., 472, 13 Ky. Law Rep., 53, 16 S. W., 133; Fleming
v. Sinclair, 22 Ky. Law Rep., 499, 58 S. W., 370; City
of Lexington v. Woolfolk, 25 Ky. Law Rep., 1819, 78
S. W., 910; Brady v. Daly, 175 U. S., 152, 20 Sup. Ct.,
62, 44 L. Ed., 109; Co-operative Building & Loan As-
sociation v. State, 156 Ind., 466, 60 N. E., 146.)

It is also contended that the statement was insuffi-
cient, and does not warrant the judgment.    In Com-
monwealth v. Riley's Curators, 24 Ky. Law Rep., 2005,
72 S. W., 809, where this precise question was made,
we said: "Appellees contend that the description of
the property in the information filed is insufficient, to-
wit: 'Money, notes, bonds, mortgages, certificates and
national bank stock of the value of $80,000.00,' and

also that their demurrer was properly sustained. They contend that the information should have stated how much of the $80,000 was money, how much was notes, and how much of each. Even if they were correct in this, the proper way to have reached it would have been by motion to make the information more specific, and not by demurrer. By their demurrer they admitted that they had in their possession, as such curators, property of the decedent, Riley, which was subject to taxation, and was not taxed for the year 1897, of the value of $80,000. They were in a better position to know the truth or incorrectness of this allegation, and the kind and character of such property and the amounts of each, if any, than the appellant." Again, in Commonwealth v. Collins, 24 Ky. Law Rep., 2042, 72 S. W., 819, where the same question was again made, we said: "Appellee's counsel contend that the description of the property in the information filed is insufficient to-wit: 'Cash, mortgages, notes, bonds, accounts and choses in action,' and that their demurrer was properly sustained. They contend that the information should have stated how much cash, how much notes, and how much of each. If they were correct in this, the proper way to have reached the error would have been by motion to make the information more specific, and not by demurrer. By their demurrer, appellee admitted that she was the owner of the property for each of the years of the value stated, and that it was subject to taxation, and had not been listed for taxation, nor any tax paid thereon. She was in a better position to know the truth or falsity of this allegation, and the kind and character of such property, and the amounts of each, if any, than the appellant. Under section 4052, Ky. St., 1903, it was her duty to list with the assessor all the estate of every kind that she had or

owned each and every year named in the information.''
Then, after quoting from the case of Commonwealth
v. Singer Manufacturing Company, 14 Ky. Law Rep.,
733, 21 S. W., 35, the court continued: ''It is impor-
tant to the State, and to each and every taxpayer in
the State, that each and every owner of property shall
not omit the listing of it and the payment of taxes
thereon.   Every owner of property is presumed to
be better acquainted with the value and the descrip-
tion of his property than any other person, and we
can not understand the necessity for the sheriff or the
auditor's agent, in proceeding under section 4241 of
the Kentucky Statutes of 1903—and, indeed, it would
be impossible for them—to give a particular descrip-
tion or the exact amount of cash, notes, bonds, mort-
gages, choses in action, etc., that the owner may have
in his possession, or may have had in his possession
in the years passed.   And this court is of the opinion
that, when the Legislature used the word 'descrip-
tion' in that section, that such a construction of the
word was not contemplated.   We concur in the lan-
guage of the court by Judge Hazelrigg, to-wit: 'The
information on which the court is expected to act
under this law must be, from the nature of the case,
somewhat general.' ''   These cases were followed in
Commonwealth v. Williams' Adm'x, 24 Ky. Law Rep.,
2054,72 S. W., 1132; Same v. Joerger, 24 Ky. Law Rep.
2055, 72 S. W., 1132; Same v. Longnecker, Id.; and
Same v. Zweigart, Id.   The same question was made,
also, upon facts very similar to the case before us,
in Sebree v. Commonwealth, 25 Ky. Law Rep., 121,
74 S. W., 716, where the statement was the same as
in the other cases, and the defendant failed to file an
answer in the county court controverting the allega-
tions of the statement.   The judgment against him
was affirmed.   In the case at bar the defendant filed

no plea except the general plea of not guilty. He made no motion to have the statement made more specific, and so the case falls squarely within the rule laid down in the cases above cited.

The other question discussed by counsel, not being raised by the record, are not determined.

Judgment affirmed.

JUDGE BARKER, dissenting.