CASE 40—PETITION ORDINARY—OCTOBER 4.

2du 161
110 725

# Wile, &c., vs. Sweeny, &c.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. A demurrer to an answer brings the whole record before the court, and judgment on the demurrer should be against the party committing the first material error in his pleading.

2. Where, in an action to recover real estate, the plaintiff sets out, specifically, his title—consisting in part of a sale under execution and sheriff's deed—andt appears from the petition and exhibits that the sale was not made on the first day of a county or circuit court, the petition should be adjudged insufficient, on demurrer to the answer.

3. A sale of land under execution, on any other than the first day of a county or circuit court of the county where the land lies, is void, unless consented to by the defendant. (1 Stant. Rev. Stat., p. 482; 6 Ben. M., 115; 13 Ben. M., 507.)

CHIEF JUSTICE SAMPSON DELIVERED THE OPINION OF THE COURT:

An execution which issued from the Daviess circuit court, in favor of Decker & Johnson, against Alex. Wile, on the 1st day of April, 1861, for $482 23, was levied by the sheriff, on the 24th day of the same month, on half of lot No. 117, in the town of Owensboro. Upon the 12th day of June, 1862, the sheriff, by virtue of said execution, sold said lot, and James Weir, for whose benefit the execution was indorsed, became the purchaser at the sum of $516, which satisfied the execution, which seems to have been returned on the 27th day of November, 1862, that being the date attached to the sheriff's return.

Weir having transferred his purchase to appellees, Sweeny & Taylor, and the time for redemption having expired, the sheriff, on the 14th day of September, 1863, conveyed the lot to them, and they afterwards instituted this suit in the Daviess circuit court to recover possession of the property, setting out specifically their title, and filing a copy of the judgment, execution, and deed, as parts of their petition. The appellant filed an answer, to which appellees demurred, and the demurrer having been sustained, a judgment was

rendered for appellees for the lot, from which this appeal is prosecuted.

The demurrer to the answer brought the whole record before the court, and it was the duty of the court to render judgment upon the demurrer against the party who had committed the first material error in his pleading. As the sufficiency of the petition is, therefore, involved, the first question for consideration is, whether it sets forth a good cause of action.

The petition sets out specifically the title under which appellee's claim, tracing that title through the sheriff's sale under the execution and his subsequent deed, filing also a copy of the judgment upon which the execution issued; and if these do not invest the appellees with title to the lot sued for, their petition is bad on demurrer. The return of the execution and the sheriff's deed, filed with the petition, as part of it, state that the sale of the lot under the execution was upon the 12th day of June, 1862, whilst the petition itself states that it was made upon the 1st day of June.

An examination of the calendar for that year (which the court will judicially notice) will show that the, 1st day of June was on *Sunday*, and that the 12th day was upon *Thursday*.

The statutes regulating the times of holding the circuit and county courts of Daviess county, fix the first days of their terms on Monday

The sale, therefore, of the lot was not made upon the first day of a county or circuit court for that county, nor is there any allegation in the petition to that effect; it only states that the sale was " at a county court held for said county," but does not state that it was upon the first day of such court.

Section 2, article 13, chapter 36, of the Revised Statutes (1*st Stanton*, 482), enacts, that " lands *must* be sold under execution to the highest bidder on the *first* day of a county or circuit court, at the court-house door of the county in which it lies."

This provision is not merely directory, and a violation of it a simple irregularity, but it was intended to and does limit

the power of the sheriff to sell lands under execution to the first day of a county or circuit court of the county where the lands lie, and a sale by the sheriff upon any other days is without authority, and consequently void. It was the purpose of the Legislature, by this provision, to give the greatest publicity to these sales, and thereby secure the greatest competition in the bidding, alike advantageous to the debtor and creditor; and this purpose would be defeated by any other construction of the statute than the one herein given. ·

Such was the construction given by this court to a similar provision in the execution law of 1828, and is, therefore, sustained alike by reason and authority. (*See Chambers' administrator vs. Hays*, 6 *B. Monroe*, 115; *Casey vs. Gregory*, 13 *B. Mon.*, 507). As the sale of the land in controversy was not made by the sheriff on the day fixed by law, it was a nullity, and his subsequent deed, based on such void sale, passed no title to appellees; and as these facts appear on the face of the petition, and from the exhibits made part of it, and there is no allegation that the defendant in the execution consented to the sale as made, it is evident that it presents no cause of action, and the demurrer should have been sustained as to the petition.

The judgment is, therefore, reversed, and the cause remanded, with instructions to sustain the demurrer to the petition.