CASE 99—ORDINARY—OCTOBER 4, 1881.

# Humphrey v. Hughes' guardian, &c.

### APPEAL FROM NELSON CIRCUIT COURT.

1. A party to the action may, in the discretion of the court, withdraw any pleading filed by him, where it works no injury to his adversary.
2. In an action by the assignee against the assignor of a note, it is necessary to aver the consideration paid for the assignment.
3. The recovery is limited to the amount actually paid.

MUIR & WICKLIFFE FOR APPELLANT.

1. The petition is insufficient. Appellee failed to allege the consideration paid for the assignment.
2. The statute is conclusive of this question. (Gen. Stat., chap. 22, sec. 7; Civil Code, sec. 134; 7 Bush, 379; 2 J. J. Mar., 140; 10 Johnson, 104; 1 Met., 643; 2 Bibb, 424; 16 B. Mon., 343; 1 Duv., 301; 1 Bibb, 595; 1 Mar., 544; 2 J. J. Mar., 190; 3 *Ib.*, 260; 6 B. Mon., 530; 16 *Ib.*, 344; 4 Met., 300.)

C. A. WICKLIFFE FOR APPELLEE.

1. It is a rule that a party may withdraw any pleading, provided it works no injury to his adversary.

2. The court committed no error in holding the petition good. It is a clear case of a trust. (4 Bibb, 301; Civil Code, 134; 1 Mar., 478; Adams v. Hodges, 1 Mon.; Downing v. Bacon, 7 Bush, 685; 1 Met., 342; 1 Mar., 479; 3 Mon., 125; 3 Bibb, 110; Civil Code, 98; Perry on Trusts, secs. 454, 453, 455, 460, 459; Schooler's Domestic Rel., 473; Gen. Stat., chap. 48, art. 11, sec. 19; 7 J. J. Mar., 239; 3 Met., 554; 7 Bush, 387; 13 *Ib.*, 119; 2 Bibb, 35; 6 J. J. Mar., 68.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Humphrey, the former guardian of Litney Hughes, had a settlement of his accounts with the (then) guardian, J. R. Miller, and was indebted to his ward in the sum of about $320. He had loaned the ward's money to Smith and Lancaster, and held their joint note for the amount; and as a payment in full of all the demands against him as guardian, he assigned this note to Miller.

Miller instituted an action at law on the note, prosecuting it with all the diligence required of an assignee, and failed to make the debt, as is evidenced by a return of no property found made by the sheriff in whose hands the execution was·placed.

He then filed his petition, seeking as assignee to recover of the appellant by reason of the assignment and the insolvency of the obligors to the note. No other claim is as·serted, or any other cause of action mentioned.

The appellant filed an answer, in which various defenses are relied on, and to this answer a demurrer was filed. The *demurrer* was subsequently withdrawn by the plaintiff against the objection of the ·appellant. A party to an action has the right, or at least it is within the discretion of the court, to permit any pleading to be withdrawn, unless it works an injury to his adversary. The demurrer in this case went

Humphrey v. Hughes' guardian, &c.

back to the petition, and as there was no allegation in that pleading of any consideration paid for the note, nor any damages alleged to have been sustained, either general or special, there was no cause of action presented, and in construing the pleading most favorably to the party making it, the recovery would have been merely nominal.

By section 7 of chapter 22, General Statutes, it is made necessary, in an action on an assignment, to aver the consideration for the assignment, and the recovery is limited to the amount actually paid.  During the progress of the trial, the appellee filed an amended petition in the name of the ward, in which it is alleged that the appellant, as her former guardian, had failed to account for the moneys in his hands, and asked for judgment.

This amendment ought not to have been allowed.  It was a departure from the original cause of action by Miller, and the two counts could not have been united; but after permitting its filing, the court should have sustained the motion of the appellant, and required the appellee to elect which cause of action he would prosecute.

The pleadings in the action on the assignment show that the appellant and Miller had a settlement of all the accounts of the former as guardian, and that Miller accepted the assigned note in full discharge of the demand, and executed a receipt to that effect.  This is binding on the appellee Miller, and his remedy is against the appellant on the assignment, unless the appellee can avoid the settlement, and cancel the receipt on some equitable ground.  The appellee must prosecute his action on the assignment, and with this view he should be allowed to amend his petition, or it should be dismissed without prejudice.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.