CASE 35.—ACTION BY JACOB LUNKENHEIMER AND
    OTHERS AGAINST F. WILDHARBER AND OTHERS,
    TO RECOVER LAND.—March 10.

# Wildharber, &c., v. Lunkenheimer, &c.

Appeal from Henderson Circuit Court.

J. W. Hensen, Circuit Judge.

Judgment for plaintiffs. Defendants appeal.—Reversed.

1. Taxation—Tax Deeds—Action to Recover Land.—In ejectment
   against a tenant and his landlords, where the tenant denied
   plaintiffs' ownership and right of possession, and alleged that
   his landlords held under a tax deed, and pleaded limitation,
   the landlords could rely upon such defenses without setting
   them up in their own answer, since the tenant's possession
   inured to their benefit.

2. Same—Plea.—In ejectment against a purchaser at a tax
   sale, his denial of plaintiffs' ownership and right of possession
   was insufficient to make an issue upon plaintiffs' title and
   place upon them the burden of proving their title; it being
   unnecessary for the purchaser to plead the evidence of his
   title.

3. Same—Tax Deeds—Effect as Evidence—Statutes—Retroactive
   Operation.—Ky. St. 1903, section 4030, providing that a tax
   deed shall be prima facie evidence of title and of the regu-
   larity of the sale and all prior proceedings, applies to all
   tax deeds, whether made before or after its enactment.

4. Same.—Under Ky. St. 1903, section 4030, providing that a tax
   deed shall be prima facie evidence of title and of the regu-
   larity of the sale and the prior proceedings, defendant in an
   action to recover land which he held under a tax deed was
   not required to show that proper steps were taken to con-
   stitute a valid tax sale; his deed being prima facie evidence
   of title in him, and placing upon plaintiff the burden of over-
   coming the prima facie case thus made out.

5. Statutes—Construction—Intention of Legislature.—A statute

will not be construed strictly, so as to defeat the purpose of the Legislature in enacting it.

6. Trial — Direction of Verdict. — In enjectment against a purchaser at a tax sale, where there was no evidence warranting a verdict for plaintiff, the tax deed being sufficient on its face, and there being no evidence to overthrow the presumption of official regularity, the court should have instructed the jury peremptorily to find for defendant.

THOS. E. WARD, DORSEY & STANLEY and MONTGOMERY MERRITT for appellant.

## POINTS AND AUTHORITIES.

A deed made by a sheriff under a tax sale is prima facie evidence of the correctness of all preliminary steps taken prior to the sale, and places the burden upon the taxpayer to show the contrary.

## CITATIONS.

Husbands v. Polivick, 96 S. W. 825; Hughes v. Owens, 92 S. W. 595; Alexander v. Aud, 88 S. W., 1103; Metcalfe v. Comlth., &c., 66 S. W. 1100, 113 Ky., 751; Griffin v. Sparks, 70 S. W. 30, 24 Ky. Law Rep., 849; Shuck v. City Lebanon, 53 S. W. 655, 21 Ky. Law Rep., 970.

CLAY & CLAY for appellees.

## QUESTIONS AND AUTHORITIES.

1. Pleading. The petition of appellants, Handley and Lockett, asking that they be made parties defendants, which was taken as their answer, is a waiver of any right they may have had to avail themselves of their co-defendants answer, which they did not adopt as their own. (Civil Code, 29.)

2. Where one defendant does not adopt a plea of co-defendant, and does not himself plead the defense made by his co-defendant, a trial on the merits is had, judgment rendered against the party pleading, and also against his co-defendants, and no complaint is made by the one who has pleaded, the defendants who have not pleaded cannot then come in, file a motion for a new trial in their own names, and have reviewed in this court the proceedings upon the trial in the lower court on an issue not pleaded by them. (City of Covington v. Noland & Co., 89 S. W., 216; Meadors v. Brown, 16 Ky. Law Rep., 620.)

3. When one voluntarily comes in by petition and has himself made a party defendant, claims the land in dispute, sets up his claim, and this claim is denied by the plaintiffs, the burden is upon him to prove that he has an interest in, or claim to the subject matter of the action, and to prove his title. (Meadors v. Brown, 16 Ky. Law Rep., 620.)

4. (a) Section 4030 Kentucky Statutes is not retroactive, and has no application to a tax deed made in 1883, before the section was enacted. (Norris v. Russell, 5 Cal., 249; Keane v. Connovan, 21 Cal., 291; McPhail v. Burris, 42 Tex., 142.)

(b) Under the law as it existed in 1883, the burden is upon the party relying on a tax deed to allege and prove that the essential statutory steps were taken. (Jones v. Miracle, 93 Ky, 639; Carlisle v. Cassady, 20 Ky. Law Rep., 562, 46 S. W., 490; Durrett v. Stewart, 88 Ky., 665; Cornish v. Three Forks Coal Co., 95 Ky., 273; Smith v. Ryan, 88 Ky., 636.)

Even if section 4030 Kentucky Statutes applies it does not relieve the tax claimant of the burden of pleading facts showing the statutory steps were taken. Only when this is done does the burden shift to the original owner. (Maguiar v. Henry, 84 Ky., 1 )

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Frederick Lunkenheimer and August Brauns owned a tract of land in Henderson county. It was assessed for taxation in the years 1876, 1877, 1878, 1879, 1880, and, they failing to pay the taxes, the sheriff, on March 28, 1881, sold the land for the taxes. Thomas E. Ward became the purchaser; and, the land not having been redeemed, on May 14, 1883, the sheriff executed to Ward a deed for it. Ward, by judicial proceedings, thereupon obtained possession of the land; and subsequently conveyed it to Henry Lockett and John P. Handley, who rented it to F. Wildharber. While Wildharber was in possession as their tenant, appellees, who are the children and heirs at law of Frederick Lunkenheimer and August Brauns, brought this suit on August 25, 1904, to recover the land, alleging

in their petition that they were the legal owners of the land·in fee simple and entitled to the possession of it. Wildharber filed an answer, in which he denied that the plaintiffs were the owners of the land·or entitled to the possession of it; but he did not deny that they were the children and heirs at law of Frederick Lunkenheimer and August Brauns, the former of whom died in the year 1885, the latter subsequent to the year 1900. They were both non-residents of the State. In a second paragraph he set up the sheriff's deed to Thomas E. Ward, and pleaded limitation. In this paragraph he alleged that the land was duly, regularly, and legally assessed for the taxes, and, that the taxes not having been paid, the land was sold by the sheriff after being duly advertised; that it was bought by Thomas E. Ward, and, not being redeemed, the sheriff made him a deed. The deed was filed with the answer. The plaintiffs by their reply denied that the land was duly, regularly, and legally assessed for the taxes, or that, the taxes not having been paid, the land was sold for the taxes after being duly advertised by the sheriff, or that Ward immediately took possession of the land or had been in possession of it, except for a short time before the filing of the suit. Henry Lockett and John T. Handley filed their petition in the action, in which they alleged that they were the owners of the land, and that the plaintiffs had no title·to it or interest in it. They alleged that they had bought it from Ward, who had conveyed it to them, that they had made valuable improvements upon it, and that they and Ward had paid the taxes amounting to $820. The plaintiffs filed a reply controverting the petition of Lockett and Handley, which was taken as their answer. In this condition of the pleadings the case was called for trial. The court ruled the burden of proof in the action to be

upon the defendants, to which they excepted. The proof was heard, and under the instructions of the court the jury found for the plaintiffs. Handley and Lockett filed grounds for a new trial. Their motion was overruled and a bill of exceptions filed. Wildharber did not join in the motion for a new trial, but this appeal is prosecuted in the name of all three of the defendants. The reason that Wildharber did not file grounds for a new trial appears from the record to be that he was only a tenant, and, his interest in the land having expired, he had left the premises before the trial. It was unnecessary that Lockett and Handley should repeat in their answer the matters contained in the answer of their tenant, Wildharber. They could rely upon every defense made in his answer without repeating these allegations in their answer. He being their tenant, his possession inured to their benefit. Newman on Pleading, section 439; Hearn vs. Lander, 11 Bush, 674.

It is earnestly insisted that the answer does not show that proper steps were taken to constitute a valid tax sale, and that, therefore, the answer was in this respect bad under the ruling laid down in Maguiar vs. Henry, 84 Ky. 1, 7 Ky. Law Rep. 695, 4 Am. St. Rep. 182. That case was decided under the act of 1880 (laws 1879-80, p. 209, ch. 1565, section 19), and was a suit by the purchaser of the land to obtain possession. This is a suit by the heirs at law of the owner of the land against the purchaser at the tax sale to oust him from possession 21 years after he received his deed and took possession of the property. The plaintiffs brought in effect an action of ejectment, alleging that they were the owners of the land and entitled to the possession. The denial of these allegations was sufficient to make an issue upon the plaintiff's title and

to put upon them the burden of showing their title to
the land. It was unnecessary for the defendant to
plead the evidence of his title. He could give his title
in evidence on the trial without pleading the evidence
of his title in his answer. Section 4030, Ky. Stats.,
1903, is as follows: "In all suits and controversies
involving the titles of lands claimed or held under the
deed executed by the sheriff in pursuance of the sale
for taxes, the deed shall be prima facie evidence of the
regularity of the sale and of all prior proceedings and
title in the person to whom the deed has been exe-
cuted." This statute applies to all tax deeds whether
made before or after its enactment. Alexander v. Aud.,
121 Ky. 105, 88 S. W. 1103, 28 Ky. L. R. 69; Hughes v.
Owens, 92 S. W. 595, 29 Ky. Law Rep. 140. The pres-
ent statute is materially different from that before the
court in the case of Maguiar v. Henry. It was mani-
festly intended to do away with the old rule, and to
obviate the necessity of the grantees setting out the
steps required to be taken by the officers in the pro-
ceeding. The statute expressly dispenses with the
proof of these steps, and it can serve no good purpose
to cumber the record with a mass of allegations that
need not be proved on the trial although traversed.
Like other statutes, it must be liberally construed with
a view to promote its purposes. Its evident purpose
was to relieve the purchasers from the burden placed
on them by the old rule. The statute should not be
construed strictly so as to defeat the purpose of the
Legislature in enacting it. It not only provides that
the deed shall be prima facie evidence of the regular-
ity of the sale and of all prior proceedings, but it also
provides that it shall be prima facie evidence of title
in the person to whom it has been executed. We must
give some force to this provision of the statute, the

manifest aim of which was to make the sheriff's deed prima facie evidence of title in the purchaser. As the title is the only thing in issue in this action, and as the sheriff's deed is prima facie evidence of the purchaser's title, when his deed was read in evidence, he had made out a prima facie case, and the burden rested upon the plaintiffs to overcome the prima facie case which he had thus made out. Under this statute, a sheriff's deed only differs from a deed executed by the party himself in this: That the sheriff's deed is prima facie evidence, while the deed executed by the party himself is conclusive evidence until it is set aside; but subject to this distinction one deed when read in evidence is as effective to make out the defendants' case as the other.

The instructions given by the court to the jury are not made part of the record, but under the evidence contained in the record the court should have instructed the jury peremptorily to find for the defendants; there being no evidence in the record warranting a verdict for the plaintiffs, the deed being sufficient on its face, and there being no evidence to overthrow the presumption of official regularity.

Judgment reversed, and cause remanded for a new trial.