CASE 89.—ACTION BY WILLIAM FUSON AGAINST BOND
    STEWART AND ANOTHER TO RECOVER A PEN-
    ALTY FOR HIS REFUSAL TO OBEY A WRIT OF
    HABEAS CORPUS.—April 15, 1910.

## Fuson v. Stewart, &c.

Appeal from Whitley Circuit Court.

W. T. Davis, Circuit Judge.

From a judgment of dismissal plaintiff appeals.—
Affirmed.

1.  Limitations of Actions—Actions for Statutory Penalty.—The
    time within which to sue for the penalty imposed by Cr. Code
    Prac. section 409, for the refusal to obey a writ of habeas
    corpus, is fixed by St. section 2515, fixing the time for actions
    for penalties, and not by section 1138 (section 241), which
    applies only to actions absolutely penal.

2.  Judgment—Res Judicata.—A judgment in an action for false
    imprisonment is not a bar to an action for the penalty im-
    posed by Cr. Code Prac. section 409, for the refusal to obey a
    writ of habeas corpus in favor of the person obtaining the
    judgment.

3.  Pleading—Demurrers to Answers—Effect.—A demurrer to the
    answer which is defective must be carried back to the peti-
    tion and sustained as to it, where it fails to state a cause
    of action.

4   Habeas Corpus—Failure to Obey Writ—Penalty.—Under St.
    section 3687, giving to the marshals of cities of the sixth
    class the sole custody of prisoners, a police judge who fails
    to obey a writ of habeas corpus issued in behalf of one im-
    prisoned by him is not subject to the penalty imposed by
    Cr. Code Prac. section 409, for the failure to obey the
    writ which, under section 402, must be directed to the person
    having the custody of the person in whose behalf the applica-
    tion is made.

J. K. WATKINS, P. W. HARDIN and R. S. ROSE for appellant.

FAULKNER & SHARP for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Section 402 of the Criminal Code is as follows: "The writ must be directed to the person having custody of, or restraining, the person in whose behalf the application is made, and must command him to have the body of such person, at the court-house of the county in which the writ is served, before the officer before whom the writ is made returnable, at a time therein specified. It must be made returnable so soon as may be." Section 409 is as follows: "If the person to whom the writ is directed refuse, after service, to obey the same, he shall pay one thousand dollars to the person in whose behalf it was issued, and the officer to whom it is returned must issue an attachment against such person, directed to any peace officer, commanding him forthwith to apprehend and bring such person immediately before him, and, upon being so brought, he must be committed to the jail of the county, until he makes due return to such writ, or is otherwise legally discharged."

Appellant, William Fuson, instituted this action against appellees, Bond Stewart and the Title Guaranty & Surety Company, to recover the sum of $1,000, which section 409 provides shall be paid by the person refusing to obey the writ of habeas corpus to the person in whose behalf it is issued. The petition charges, in substance, that appellant was arrested on November 6, 1906, and imprisoned in the town jail of Jellico for a period of eight days and nights; that he was so imprisoned by appellee Bond Stewart, who, at the time, was acting as police judge of said town; that at the time of said imprisonment he was not insane and had not committed any offense

against the law; that on November 8, 1906, he sued out, before R. C. Browning, county judge of Whitley county, (the circuit judge of that district being absent at the time), a writ of habeas corpus; that this writ was directed to appellee Bond Stewart, and to James Ayres, the town marshal; that the parties to whom the writ was directed were ordered to have the body of appellant before the circuit judge of the county on November 10, 1906; that appellee Bond Stewart refused to obey the writ. The petition further sets forth the fact that appellee the Title Guaranty & Surety Company was on the bond of Bond Stewart for the faithful performance of his duties as police judge. The petition concludes with a prayer for judgment in the sum of $1,000. To this petition appellees filed an answer. In the first paragraph they pleaded the one-year statute of limitation. In the second paragraph they defended on the ground that appellant had sued Bond Stewart and James Ayres in the Whitley Circuit Court for the same cause of action and recovered a judgment of $100, which had been paid. This judgment they pleaded in bar of the right of appellant to recover in this action. There was also a denial of the fact that Bond Stewart refused to obey the writ. Appellant demurred to the two paragraphs of the answer. The demurrer was overruled, and the petition dismissed. From that judgment this appeal is prosecuted.

It is first insisted by appellant that the court erred in holding the one-year statute of limitation applicable in a case of this kind. With this contention we agree. As was said by this court in the case of Brown v. Commonwealth, 91 Ky. 472, 16 S. W. 133, 13 Ky. Law Rep. 53, section 1138, Ky. St. (Russell's St. 1909, section 241), applies only to actions purely

penal, and not to civil actions where damages in the nature of a penalty are assessed.  As section 409 of the Code does not impose any other limitation, we conclude that section 2515, Ky. St. (Russell's St. 1909, section 224), which provides that an action for a penalty or a forfeiture, when no time is fixed by the statute or law prescribing the same, shall be commenced within five years next after the  cause of action accrued, applies to an action brought in pursuance of section 409, supra.

We are also of opinion that the court erred in holding that appellant's right of action was concluded by the judgment in the suit brought by him against appellee Bond Stewart and  James Ayres.   The agreed statement of the  proceedings in that case shows that it was an action for false imprisonment. While appellant in this case pleads his imprisonment by way of inducement, it is manifest that he seeks to recover only the penalty prescribed for a failure to obey the writ of habeas corpus. That being the case, the judgment in the former action would not bar a recovery in this action.

While we are of the opinion that the court erred in overruling appellant's demurrer to the paragraphs setting forth the two defenses above referred to, we conclude that the demurrer should have been carried back to the petition and sustained as to it, for the reason that the petition fails to state a cause  of action.  A careful reading of the provisions of the Code relating to writs of habeas corpus shows that the writ was intended to be directed only to those persons who have the custody of, or who are restraining, the person in whose behalf the application is made; the language being: ''The writ must be directed to the  person having custody of, or re-

straining, the person in whose behalf the application is made," etc.  While section 409  provides that the party refusing to obey the writ shall pay $1,000 to the person in whose behalf it is issued, it was never intended that this section should apply to any person who refused to obey the writ, even though he never had the custody of the party applying for the writ.  Although the petition charges that appellee Bond Stewart had the custody of appellant, this allegation must be construed in the light of the law. Nowhere is the police judge of cities of the sixth class given the custody and control of prisoners.  The town marshal, alone, has the custody and control of the prisoners.  Section 3687, Ky. St. (Russell's St. 1909, section 1723).  As appellee Bond Stewart never had the custody of appellant, he did not subject himself to the penalty imposed by the statute by refusing to obey the writ, for the reason that his failure to obey the writ did not in any wise affect the rights of appellant.

Judgment affirmed.