# Commonwealth, For Use, et al. v. Chesapeake, Ohio & Southwestern Ry. Co.

(Decided January 19, 1911.)

## Appeal from Ohio Circuit Court.

1. Taxes—Collection of—What Must Appear in an Action to Enforce. —Before a collection of a tax can be enforced, it must appear that it has been authorized by the Legislature, and as the Constitution requires the purpose to be stated in the enactment levying the tax, that must be complied with; there must also appear an assessment of the property and a time when and a person to whom the payment can be legally made.

2. Same—Duty of Fiscal Court to Specify Purposes of Tax.—The fiscal court is under the duty to specify the purposes for which the tax is to be applied. The Constitution so requires for the protection of the public and if the fiscal court failed to so specify, it did not relieve the county of its obligation for its debts, nor relieve the tax payers of their duty and liability to provide the means of discharging the county's indebtedness whenever a valid procedure was adopted for their protection.

3. Same Pleading—Appeal.—Whether a pleading is termed an amended or supplemental petition is not material on appeal

4. Same—Penalty and Interest.—The tax was not payable until the levy was made in conformity to the Constitution, hence there should not be either penalty or interest against the taxpayer until after he has refused after the perfected order to pay.

J. S. GLENN, B. D. RINGO, E. M. WOODWARD and W. H. BARNES for appellants.

H. P. TAYLOR, BLEWETT LEE and TRABUE, DOOLAN & COX for appellees.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

This action was begun in the Ohio county circuit court February 19, 1903, to recover the franchise taxes due by appellee to Ohio county, as a railroad corporation exercising and owning its franchise partly in Ohio county, for the years 1896 and 1897.

May, 1905, a judgment was rendered in the circuit court against the appellee companies for $1,804.77 and interest. This judgment was reversed by this court February 27, 1908. (129 Ky., 318; 32 Ky. Law Rep., 1119.) In the opinion it was held, that the Illinois Central Ry. Co. was liable only for the tax of 1897, while the Chesapeake, Ohio & Southwestern Ry. Co. was alone liable for the tax of 1896. On June 20, 1908, the court delivered an extended opinion, holding that the levy of the county

tax for each of the years 1896 and 1897, was insufficient, as not complying with section 180 of the Constitution by specifying the purpose for which the tax was levied. Certain previous opinions by this court concerning somewhat similar levies were cited in the extended opinion, which concluded thus:

"The remedy of the fiscal court for a defect of this sort in its order is pointed out in the opinions referred to."

The court ordered the case to be "remanded for further proceedings consistent" with the opinion.

On the return of the case the fiscal court of Ohio county met and by orders attempted to remedy the defects pointed out by this court in the levy orders of 1896 and 1897, by specifying the purposes for which each levy was to be applied. The rate was not changed. Nor was the order making the levy in any other particular. Thereupon the county filed an amended petition in this case setting up the fact that, it had by its fiscal court perfected the levy orders so as to specify the purpose of each levy, and then prayed as before. The court dismissed the petition as amended, holding that the action was barred by limitation. It is from that judgment this appeal is prosecuted.

Before the collection of a tax can be enforced it must appear (1) that it has been authorized by the legislature, and as the Constitution requires the purpose to be stated in the enactment levying the tax, that must be complied with; (2) there must appear an assessment of the property by the magistracy created by law; (3) there must be a time when and a person to whom the payment can be legally made. The levy of the tax as here indicated, is the political act of the government, which declares the public necessity, and its extent, for raising the proposed revenue. It lies at the bottom of every tax imposed. All else that is required in the proceedings depends upon it. It is not required to precede in order anything except the collection of the tax. The liability to be discharged by the tax may have been incurred, or only contemplated; the assessment, which is to say the ascertainment of the property to be taxed, its ownership and value, may precede or follow the levy ordinance; all must concur, yet they need not occur in any particular precedence. The legislature has delegated to the fiscal courts of the counties the power and duty of levying taxes upon the property and polls in the counties not exceeding certain con-

stitutional limitations, in order to defray the expenses of government conducted within the county. The Ohio fiscal court made the levy for the year 1896, and for the year 1897, within the constitutional limit. Thereafter the assessing officer returned lists of property liable for taxation. There are several such officers and bodies. The county assessor returns a certain class of property; the State board of Valuation and assessment another; the county clerk and the county board of supervisors, another; and the county court may assess yet others. The assessments are made for the application of such levies as have been or may be legally made. Those for the State had been made by the legislature. Those for the county were made by the fiscal court as stated in the former opinion. The fiscal court intended to make a valid levy to be imposed upon all property subject to taxation in that county for the purpose of the county government. As assessed, it was paid by nearly everybody liable to assessment. But appellees declined to pay. They denied that they were liable to assessment upon the franchise of the railroad at all, for any purpose, county or State, and resisted the payment of all that class of tax. (See opinion Illinois Central Ry. Co. v. Commonwealth, 128 Ky. 268, 108 S. W. 245, 32 Ky. Law Rep. 1112; and Southern Ry. Co. in Ky. v. Coulter, Auditor, 113 Ky. 657, 68 S. W. 873, 24 Ky. Law Rep., 203.) The question of appellees' due assessment has been passed upon in the two cases last cited. The attempt by Ohio county to levy the tax for the years of 1896 and 1897 is beyond dispute, and the amount is within the limit allowed by the Constitution. The one essential lacking was the statement in the levy order of the purpose for which the tax was to be applied. Upon the petition for rehearing in this court on the former appeal, for the first time was pressed the question of the insufficiency of the levy orders in the respect indicated, that defect not having been formally pleaded.

Now it is urged by appellees that the fiscal court could not amend its levy orders of 1896 and 1897 eleven years afterwards, and that appellant cannot set up such curative proceedings by amended petition in this case. The statute of limitations is relied on. In Commonwealth v. Nute, 115 Ky. 239, and C., St. L. & N. O. Ry. Co. v. Commonwealth, 115 Ky. 278, it was held that the statute of limitations of five years applies to assessments of property for purposes of taxation, that is, when the property has been omitted from assessment for any year,

and no liability sought to be imposed on it specifically by the state or other taxing municipality, the statute is a bar to such assessment. But it was not held in either of the cases that the political act of levying a tax was barred in five years or other time.

The fiscal court was under the duty, if it levied a tax at all, to specify the purposes to which it was to be applied. The Constitution so required for the protection of the public, the taxpayers and creditors of the county. If that body failed to so specify, it did not relieve the county of its obligation for its debts, and consequently did not relieve taxpayers of their duty and liability to provide the means of discharging the county's obligations whenever a valid procedure was adopted for their protection. We say in such cases that an order or ordinance or statute failing in the particular mentioned is void, and it is. But we have not said and it is not true that everything else done toward providing for the gathering in of a necessasry sum by taxation to defray the county expenses was void also; nor that it was without the power of the levying body to make a valid levy in lieu of a void one. On the contrary, it has more than once been declared that it was within their power and was their duty to do so. (Levy v. Louisville, 97 Ky. 394; Somerset v. Somerset Banking Co., 109 Ky. 549; Morrell Refrigerator Car Co. v. Commonwealth, 32 R. 383; L. & N. Ry. Co. v. Louisville, 97 Ky. 397.) When it is said that such levy ordinances are void, it is meant that they are void until they are made to comply with the requirements of the Constitution.

Nor, is it perceived why the fiscal court might not do voluntarily what it could have been compelled by mandamus to do, that is, in the levy orders specify the purposes of the levy. The taxpayer who has not paid is certainly not prejudiced by the proceeding. He is protected when he is required to pay by an order complying in form with the Constitution. He is not deceived into believing that he was not intended to be taxed, whereby he has failed to protect himself by preserving evidence of the value of the property assessed. Just the contrary is true here. Indeed the county has been endeavoring by all the means afforded by law for more than ten years to collect this tax, and has been resisted at every step by appellees.

From 1896 to 1899 appellees contested before the State board of assessment and valuation their liability for franchise tax on this property at all. The assessment

was finally made in 1899. The State board failed for about two years to certify to the county of Ohio its proportion of the valuation. Both these were essential steps preceding the county's right to collect the tax, were in fact parts of the assessment act. In 1901 appellees enjoined the State board from certifying the values to the county. That action was not disposed of until the opinion of Southern Ry. Co., et al. v. Coulter, Auditor, supra, in 1902. Then this suit was begun in 1903. So this is not a stale or neglected demand. Nor is it barred by limitation.

Appellees complain that the amended petition is not in fact an amended, but is a supplemental petition, as, it is argued, it set up new matter not in existence when the original petition was filed. It was competent for the plaintiff to perfect the cause of action it had asserted by acts de hors the record, and then to plead them by way of amendment or supplement to the pleadings. Whether it is termed an amended petition or supplemental petition is not material on appeal. So long as the necessary fact was made to appear of record, it became the duty of the court to recognize it in framing the judgment enforcing the legal rights of the parties. The plaintiff's cause of action was defective when the petition was filed, not because there was not a liability on the part of appellees, nor because of lack of right on the part of plaintiffs, but because of an omission by officials to do in a particular way that which they had attempted to do, but failed through inadvertance to do as in the manner required. The failure did not defeat the county's right to assess or collect the tax. It merely postponed it until the omission was cured. There may be a vast difference in legal effect between an entire omission to levy a tax, and an ineffectual effort to levy it. The former could not be amended. The latter may be. If the fiscal court had failed altogether—had not attempted, let us say—to levy a tax for 1896, it was nevertheless competent for it to levy it subsequently, for until its power was exhausted it might be exercised. The rights of the parties would however be fixed as of the date of the levy, not as of the time when it might have been first levied. But where the attempt had been made to levy the tax, the ordinance fixing the amount duly passed, and the assessment of all property liable to the tax had been regularly made, it was competent for the fiscal court to cure a defect in its proceedings so as to make them conform to law, as it would have been

to correct any other mistake in any other point of the assessment proceedings so as to make valid that which had been lawfully attempted. All other proceedings are amendable so as to effectuate the purpose of the law in providing for the tax, and it is not perceived why the order making the levy may not also be amended so as to conform to the statute or the provision of the Constitution. When other proceedings are amended, or otherwise corrected, as they may be in some instances by different tribunals even from those committing the errors, the completed and corrected assessment takes effect as of the date when it would have taken effect had the proceedings conformed strictly to law in the first instance. There is not apparent reason why in the particular of the levy ordinance the same effect should not be given to the amendatory act. A tax would be void only when there is lack of power to levy it. In every other particular the proceedings, however informal, may be cured and perfected so as to comply with the law. It would be a strange, as well as destructive rule of law, that would make it impossible to cure errors in procedure of form in taxing matters, making it thereby possible for ignorant or designing officials to stop the government by failing to strictly follow in correct time and manner the prescribed procedure in assessments. The tax was not payable until the levy was made in conformity to the Constitution, hence there should not be either penalty or interest against the taxpayer until after he has refused after the perfected order to pay.

Appellees have presented what they denominate a federal question.

First, it is said to render a personal judgment against appellee for the taxes of its principal when it was agent only would offend the fourteenth amendment to the Constitution. It does not appear that appellee is agent, or is not principal. But it is not novel that the "person in possession" is made liable to the tax. It is so of every other class of property, including bank stock. Railroads may be treated the same way. If it should be true, as appellee asserts, that it would be assessed differently from any other railroad in Kentucky, it would be because no other held its property in the same way that appellee does.

The next ground is, that there has not been an assessment of the property. But there was. It was so held in the former opinion, and in the State tax case. (128 Ky. 268.)

Judgment reversed, and cause remanded that judgment may be entered in conformity herewith.