## Stephens v. Stephens.

(Decided November 16, 1920.)

## Appeal from Grant Circuit Court.

Pleading—Special Demurrer.—A special demurrer does not lie, unless the facts which authorize the special demurrer are stated in the pleading to which the demurrer is offered; if such facts do not appear upon the face of the pleading, the objection must be shown by an answer.

JOHN B. O'NEAL for appellant.

B. F. MENEFEE for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

In this action the appellant was the plaintiff and the appellee was the defendant. The cause of action set out in the petition was that plaintiff and defendant, being husband and wife, the defendant, without fault upon the part of plaintiff, abandoned him and had lived separate and apart from him for the period of one year. The relief sought and prayed for was a divorce from the bonds of matrimony. There was no averment made nor fact stated in the petition to the effect, or from which it could be inferred, that there had previously been, or at that time, there was any other action pending between the parties for the same cause, or for any other cause. The defendant interposed to the petition a special demurrer. The court thereupon rendered a judgment in which it was recited that the records of the court showed that a divorce had lately been refused the defendant from the plaintiff, and that defendant had filed a schedule asking for a transcript of the record in her action, for the purpose of an appeal to this court, and that same constituted the pendency of another action between the same parties, upon the same cause of action, and adjudged that the special demurrer be sustained, and the plaintiff's petition be dismissed. From this judgment the plaintiff has appealed.

The only question for decision presented by the record is the propriety of the special demurrer and the soundness of the judgment sustaining it. That the special demurrer was not well taken is plain. Section 92, Civil Code, defines a special demurrer under the practice authorized, in this jurisdiction, and prescribes the instances, in which such demurrer is available. It is as follows:

"A special demurrer is an objection to a pleading which shows:

"(1)   That the court has no jurisdiction of the defendant or of the subject of the action; or

"(2)   That the plaintiff has not legal capacity to sue; or

"(3)   That another action is pending in this state between the same parties, for the same cause; or

"(4)   That there is a defect of parties, plaintiff or defendant."

The section continues as follows:

"Either of said grounds of objection, shown to exist by a pleading, is waived, unless distinctly specified by a demurrer thereto, except the objection to the jurisdiction of the court of the subject of the action, which objection is not waived by failing so to make it.   .   .   ."

Section 118, Civil Code, provides:

"A party may, by answer or other proper pleading, make any of the objections mentioned in section 92, the existence of which is not shown by the pleading of his adversary; and failure so to do is a waiver of any of said objections, except that to the jurisdiction of the court of the subject of the action.   .   .   ."

The foregoing provisions of the Code not only define the special demurrer, but confine its availability to those instances, where the objection appears upon the face of the pleading.  The nature of a demurrer makes this necessarily true.  It cannot and does not raise any issue of fact, but, only an issue of law, as its interposition has the effect to admit the truth of all facts properly set forth in the pleading, and to sustain it is to adjudge, that admitting the truth of all the facts which the pleader has alleged, he yet is not entitled to maintain his action.  Hence, the issue raised by the demurrer must be determined from the facts set out in the pleading, and not from facts gathered from other sources, the truth and effect of which are not averred by the pleader.  It is true, that the general rule touching the effect of a demurrer is, that it searches the entire record, and in consideration of it, the court will look to the entire record, and will give judgment for the party, who upon the whole case appears to be entitled to it, but, this rule does not extend to the consideration of any record except the one, in which the demurrer is presented, and even in the action in which the demurrer is interposed, the demurrer does not confer authority to consider other parts of the pleading, which

are not embraced in nor related to the part, to which the demurrer is offered. Newman, vol. 1, section 542, 542a.

Hence, in the instant case, the petition not showing upon its face, that another action was pending between the parties, in a court in this state, for the same cause, the special demurrer upon that ground was erroneously sustained. If such fact exists, the defendant, if desiring to make such objection must do so, by answer, as provided in section 118, Civil Code, when an issue may be made upon the facts upon which the plea is based.

The judgment is reversed, and cause remanded, for proper proceedings not inconsistent with this opinion.