# Stewart et al. v. Board of Drainage Commissioners of Marshall County.

(Decided May 19, 1931.)

W. A. BERRY for appellants.

JOHN G. LOVETT and H. H. LOVETT for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The former sheriff of McCracken county and his surety have appealed from a joint judgment against them in favor of the Marshall county board of drainage commissioners.

The petition, after necessary and proper formal allegations, proceeds:

"Plaintiffs state that pursuant to judgment and order of the Marshall Circuit Court in a proceeding establishing the East Fork of Clark's River Drainage District and in subsequent orders in said proceedings, the Marshall County Board of Drainage Commissioners were ordered and directed and

required to levy a tax sufficient to pay the cost of said proceedings, and that pursuant thereto they did levy a tax for the year 1922, amounting to fifty cents (50c) per acre of land lying and being in said drainage district; that in McCracken County, Kentucky, there is and was located ............ acres of land lying and being in said East Fork Clark's River Drainage District, and that said tax of fifty cents (50c) per acre was duly and regularly levied by the Marshall County Board of Drainage Commissioners on said ............ acres, and that same was duly and regularly certified to the said Roy Stewart, sheriff of McCracken County, for collection and they state it was the duty of said sheriff to collect said tax in the same manner as provided by law for the collection of State and county taxes, and to account for same to the Treasurer of the Marshall County Board of Drainage Commissioners."

Similar averments appear for the years 1923, 1924, and 1925.

It is then charged that the sheriff wholly failed and refused to account for any part of the taxes, except the sum of $412.57, and that there was due the plaintiff for the use and benefit of the East fork of Clark river drainage district, by reason of the levy of taxes as aforesaid on the land located in McCracken county, from the sheriff and his surety, for the year 1922, the sum of $798.75, for the year 1923, the sum of $762.75, for the year 1924, the sum of $726.75, and for the year 1925, the sum of $690.75. Interest was claimed on each item from October 1, 1929. A demurrer to the petition was interposed, but no ruling thereon appears to have been made.

The original answer denied the averments of the petition seriatim, and in a second paragraph pleaded that the plaintiff was clothed with no authority of law to levy any tax or assessment upon any lands in McCracken county, for the purpose of paying the costs in establishing or organizing the Clark river drainage district East fork division, except by virtue of section 2380b-13 of the Kentucky Statutes, which empowered and authorized a single levy of a uniform tax of 50 cents on each acre of land within the district, for the purpose of paying the expense mentioned; but conferred no right to make another levy for such purpose. It was averred that the district had been established by a judgment of

the Marshall circuit court, which was affirmed by this court (see Lee v. Phelps, 191 Ky. 219, 230 S. W. 44). but thereafter, upon the petition of 75 per cent. of the owners of land located in the district pursuant to chapter 64 of the Acts of the General Assembly at its 1918 Session (as amended by Acts 1922, c. 2), the project was discontinued and abated by a judgment of the same court at the cost of the landowners petitioning therefor. It is further alleged that the original levy of 50 cents on each acre of ground in the district, as authorized by subsection 13 of section 2380b, had been made prior to the election of the defendant as sheriff in 1921, and had been collected by his predecessor in office. A demurrer to the second paragraph of the answer was sustained. The defendants filed an amended answer pleading the statute of limitations as to all the items claimed. The plea was sustained as to the years 1922 and 1923, but denied as to 1924 and 1925, and a judgment was rendered in favor of the plaintiff for $1,417.50, with interest from October 1, 1929.

In an action against a collector of taxes or his sureties to recover a tax, it is essential to a good cause of action that facts be alleged manifesting the legality of the tax and the right of the collector to enforce payment thereof. Harper v. City of Catlettsburg, 102 S. W. 294, 31 Ky. Law Rep. 293; Commonwealth v. Griffy, 208 Ky. 469, 271 S. W. 560.

The rule has been relaxed in certain cases by a statute making a tax bill, tax deed, or other document prima facie evidence of the regularity of all preceding steps. Board of Councilmen v. Morgan, 110 S. W. 286, 33 Ky. Law Rep. 297; Alexander v. Aud, 121 Ky. 105, 88 S. W. 1103, 28 Ky. Law Rep. 69; Hughes v. Owens, 92 S. W. 595, 29 Ky. Law Rep. 140; Wildharber v. Lunkenheimer, 128 Ky. 344, 108 S. W. 327, 32 Ky. Law 1221; Moseley v. Hamilton, 136 Ky. 680, 124 S. W. 894; Taylor v. Arndell, 192 Ky. 249, 23 S. W, 658. But no such statute applies to the proceeding now presented. The rule that each step must be pleaded so as to show a valid right to the taxes sought to be recovered still prevails in actions of this type. 37 Cyc. pp. 1215-1224, 1227, 1240, and 1249.

In Commonwealth v. Chesapeake, Ohio & Southwestern Ry. Co., 141 Ky. 634, 133 S. W. 559, 560, it was said:

"Before the collection of tax can be enforced it must appear (1) that it has been authorized by the Legislature, and as the Constitution requires

the purpose to be stated in the enactment levying the tax, that must be complied with; (2) there must appear an assessment of the property by the magistracy created by law; (3) there must be a time when and a person to whom the payment can be legally made. The levy of the tax as here indicated, is the political act of the government, which declares the public necessity, and its extent, for raising the proposed revenue. It lies at the bottom of every tax imposed. All else that is required in the proceedings depends upon it. It is not required to precede in order anything except the collection of the tax. The liability to be discharged by the tax may have been incurred, or only contemplated; the assessment, which is to say the ascertainment of the property to be taxed, its ownership and value, may precede or follow the levy ordinance; all must concur, yet they need not occur in any particular precedence." Commonwealth v. Moren, 78 S. W. 432, 25 Ky. Law Rep. 1635; Commonwealth v. McClure, 49 S. W. 789, 20 Ky. Law Rep. 1568.

The petition in this case rests the right to recover upon tax bills made pursuant to various levies by the board of drainage commissioners, but none of those levies are exhibited or explained. It is said the levies were duly certified to the officer for collection, but how or when or in what form it was done is not stated. We are in no position to determine the validity or invalidity of the essential steps in the proceedings.

The authority for the levies, as alleged in the pleading, was an order of the Marshall circuit court. Yet that order is not set forth either in full or in substance, and the record is not pleaded or exhibited sufficiently to show the validity or extent of the judgment or the legality of the levies made pursuant thereto. It is alleged that the plaintiff was "ordered and directed and required to levy a tax sufficient to pay the cost of said proceedings," but the order itself is not pleaded, the amount of the cost is not stated, and the extent of the acreage available to be assessed therefor is not indicated. It is sufficient in pleading a judgment to state that it was duly rendered (Civil Code of Practice, sec. 122), but the terms of the judgment must be set out sufficiently for the court to understand and interpret it. The construction placed thereon by the pleader might not agree with the conclusion of the court upon that subject.

It is not clear how or why a judgment for costs was rendered against the drainage district to be paid by a tax levy, when the statute directs the dismissal to be ''at the cost of the landowners.'' Section 2380b-18, as amended by the Acts of 1922, c. 2, p. 23. Cf. Edrington v. Payne, 225 Ky. 86, 7 S. W. (2d) 827, and Wells v. West, 228 Ky. 737, 15 S. W. (2d) 531.

It appears that the drainage district was discontinued prior to the making of any one of the levies involved, and obviously some explanation of the extraordinary situation is needed. In view of the condition of the record, it is necessary that we reserve the construction of the various sections of the statute involved for consideration on a full development of the facts pertinent to the problem.

The defendants did not request or require a ruling on the demurrer to the petition, but the demurrer to the second paragraph of the answer searched the record, and was fatal to the pleading first filed that was defective and demurrable. Wile v. Sweeny, 2 Duv. 161; Young v. Duhme, 4 Metc. 239; Martin v. McDonald, 14 B. Mon. 544; Mitchell v. Mattingly, 1 Metc. 237; Humphrey v. Hughes' Guardian, etc., 79 Ky. 487; Fuson v. Stewart, 137 Ky. 748, 126 S. W. 1097; Stephens v. Stephens, 189 Ky. 561, 225 S. W. 364; Davidson v. Falls, 215 Ky. 368, 285 S. W. 209.

For the reasons already indicated in this opinion the demurrer to the petition should be sustained, and the parties permitted to plead further.

The judgment is reversed for further proceedings not inconsistent with this opinion.