## Boyd, Jr., Exor. v. Commonwealth, et al.

(Decided October 4, 1912.)

Appeal from Laurel Circuit Court.

1. Taxation—Assessment of Omitted Property—Assessor's Valuation Not Reviewable.—In a proceeding by a revenue agent under section 4260 of Ky. Stats., to assess omitted property for taxation, if it appears that the property was listed and assessed by the county assessor, the question of the assessor's valuation is not reviewable by the courts.

2. Taxation—Proceeding by Revenue Agent to Assess Bond—Question of Value.—Where, in a proceeding by a revenue agent under section 4260 Ky. Stats., to assess a bond of the face value of $1,000.00 the statement alleges that the bond was of the face value of $1,000.00, and the prayer asked the court to fix the value of the bond, and, "for all proper relief," and the question of value was contested and tried out, the court may fix the value of the bond at a sum greater than $1,000.00.

3. Taxation—Assessment Against Personal Representative.—Where the owner of personal property failed to return it for taxation during his life time, such property can be listed as omitted property in a proceeding for that purpose against his personal representative.

CLAY & BOREING for appellant.

S. H. KASH and H. J. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Robert Boyd, of Laurel County, died December 16, 1906, and the appellant, Robert Boyd, Jr., qualified as his executor on December 10 of that year. At the time of his death, and for many years prior thereto, Robert Boyd owned a six per cent Laurel County Courthouse Bond, No. 17, dated July 1, 1895, and of the face value of $1,000.

On January 7, 1911, the State Revenue Agent began this proceeding in the Laurel County Court, under section 4260 of the Kentucky Statutes, to have said bond valued and listed for taxation for the years 1905 to 1910, both inclusive, under an allegation that it had been omitted from taxation for those years. The prayer of the Commonwealth was granted in the county court; and, upon appeal to the circuit court the proceeding was dismissed as to the year 1905, and for the years 1906 to 1910, inclusive, the judgment found the bond had been omitted from assessment and taxation. The judgment of the circuit court fixed the value of the bond for the year 1906 at $1,500; for the years 1907, 1908 and 1909 at $500 for each year, and at $1,940 for the year 1910. From that judgment this appeal is prosecuted by the executor.

It is contended by appellant that the evidence wholly fails to sustain the trial court in its finding that the bond was omitted from taxation, or in the valuations which it placed upon the bond for the several years.

1. The first question for determination is, whether or not the bond was omitted from taxation for the years mentioned. If it was listed and assessed by the county assessor for those years, the question of the assessor's valuation is not reviewable here. Commonwealth v. American Tob. Co., 29 Ky. L. R., 745; Commonwealth v. J. M. Robinson-Norton & Co., 146 Ky., 218. And, ordinarily, this court will not disturb the valuation placed by the county court upon omitted property. Gish v. Shaver, Sheriff, 140 Ky., 652.

It is insisted, however, that where the Commonwealth has fixed the valuation in its pleading, and the judgment of the lower court is in excess of the amount there claimed, this court should, as a matter of pleading, reverse the judgment upon the question of valuation, and confine it to the valuation sought to be fixed by the statement. It is true the statement alleges the bond was of the fair cash value of $1,000 on each of the dates

upon which it should have been assessed; but the prayer of the statement asks the court to fix the value of the property; to list the same with the sheriff for taxation, and for all proper relief. The face value of the bond was $1,000, but interest had not been paid thereon since 1895. The issue of valuation was contested; and, under the prayer for relief which asks the court to find or fix the value of the bond, and for all proper relief, we do not think the court, in cases of this character, was confined to the allegation of value in the body of the statement.

2. It is insisted that the judgment which finds that the bond had not been listed for taxation is not supported by the evidence. As we read the evidence of the executor, however, we do not understand he claims he ever really listed this bond; his claim is that he listed it generally as a part of the personal property in his hands as executor. The schedule furnished by the assessor contains a clause calling for "Bonds," but in no instance did the appellant return any bond for taxation. It is true he returned personalty amounting to some $11,000 for the year 1908; personalty of the value of $9,707 for the year 1909; and personalty of the value of $11,696 for the year 1910; but in none of these items is the bond specified, although, as above shown, the schedule expressly calls for a return of "bonds."

Furthermore, appellant gives as a reason for his failure to return the bond under that name, that shortly after his qualification as executor he demanded the payment of the bond from the county, and the county refused to pay it; whereupon he brought suit against the county on May 4, 1907. The county plead payment, and won upon the trial in the circuit court, whereupon the appellant prosecuted an appeal, and the case was not finally reversed until October 27, 1910. See Boyd's Exor. v. Laurel County, 140 Ky., 430. Appellant contended that during all the time of this litigation the bond was of little or no value; that being of no substantial value it was included in the general item of notes and accounts which was returned for each year, and he offered proof tending to sustain this view of the value of the bond by witnesses Steele and Lewis. Steele says the bond was probably worth $100 during the period of the litigation, while Lewis says, "it might not be worth anything." The bond evidently was of some value; and,

although the litigation subtracted something from its value, it did not make it worthless. Gish v. Shaver, Sheriff, 140 Ky., 652. The final recovery upon the bond exceeded $2,000. Upon the issues of the omission of the bond from taxation and its value, we are of the opinion that the evidence sustains the judgment of the circuit court.

3. Finally, it is insisted that the judgment is erroneous to the extent that it required the bond to be listed for taxation for the year 1906, since appellant having qualified as executor on December 10, 1906, he could not have returned the bond for assessment on September 1, 1905, preparatory to the tax levy for 1906. It was the duty, however, of appellant's testator to list this property for taxation on September 1, 1905; and he having failed to do so, it can be listed as omitted property in a proceeding for that purpose, against his personal representative.

Judgment affirmed.