ST. MATTHEWS GAS & ELECTRIC SHOP, Inc.

v.

COMMONWEALTH.

KENTUCKY GAS SERVICE, Inc.

v.

COMMONWEALTH.

BUTLER PLUMBING & HEATING CO., Inc.

v.

COMMONWEALTH.

Court of Appeals of Kentucky.

March 19, 1954.

Henry J. Burt, Jr., Louisville, for appellants.

J. D. Buckman, Atty. Gen., Squire Williams, Jr., Douglas W. Faris, Hal Williams, Jr., William E. Scent, James A. Tyler, Asst. Attys. Gen., for appellee.

STANLEY, Commissioner.

The Commonwealth, by the Department of Revenue, filed statements in the Jefferson County Court charging each of the above named appellants with having failed to list for tax assessment in each of several years accounts receivable and stocks and bonds in stated definite sums, e. g., the St. Matthews Gas & Electric Shop on July 1, 1945, of the "reasonable fair cash value" $7,383. The court was asked to assess the property in accordance with KRS 132.290 with penalties and interest. The defendants respectively filed answers containing first, a general traverse and thereafter certain affirmative defenses. The county court sustained demurrers to the affirmative pleas and adjudged only that the Commonwealth had the right to have the assessments made as "sought in its petition" for three years before the filing of the statements with interest but not the penalties prayed.

On appeals to the circuit court, some proof was heard as to the omission of the

assessments and some collateral matters but none whatever on the issue as to the fair cash value of the accounts receivable. A stipulation was filed that on the several dates the defendants owned accounts receivable in stated sums, e. g., St. Matthews Gas and Electric Shop, $6,758.35 on July 1, 1945. No reference was made to any stocks or bonds.

On appeals by the Commonwealth to this court, the judgments were reversed, Ky., 252 S.W.2d 673. We held the statutory penalties to be valid and the Commonwealth entitled to retroactive assessments for ten years; hence, that the circuit court was in error in failing to order the county court "to follow the plain language of KRS 132.290." The opinion concludes with directions to the circuit court to enter judgments consistent therewith.

On return of the cases, the circuit court entered judgments assessing the accounts receivable in the exact sums stated in the stipulation, e, g., St. Matthews Gas and Electric Shop for July 1, 1945, $6,758.45. The county court was directed to "spread at large" the judgment on its Order Book. The three defendants have filed motions for appeals.

Reversal of the judgments is sought on the ground that there has never been any evidence heard on the fair cash value of the property. The county court and the circuit court originally and this court on appeal only passed on the legal questions raised in the pleadings. Our remand of the case was confined to directions that the circuit court reverse the judgment of the county court and that it might follow the statute in making the retroactive assessments. Though the defendants agreed in the circuit court that they owned accounts receivable of certain face values, they did not admit, but denied, that the amounts alleged were the fair cash values.

■ Civil rules of pleading and evidence apply in these proceedings. Belknap v. Commonwealth, 120 Ky. 59, 85 S.W. 693. The value alleged in the statement filed in the county court is to enable a de-

fault judgment to be entered; but if an issue is made of the valuation, the court must fix the value at a fair cash value estimated as required by law. Boyd v. Commonwealth, 149 Ky. 656, 149 S.W. 914; Bingham's Adm'r v. Commonwealth, 199 Ky. 402, 251 S.W. 936.

■ We think it is a reasonable assumption that the matter of evaluation was passed by agreement until the legal questions could be settled. Whether by agreement or not, it was passed. The county court merely adjudged there should be an assessment for three years, without making it. Neither the Commonwealth nor the property owners introduced evidence in either court. We do not think it was proper for the circuit court on remand to have made the assessments at the face values in the presence of the denials contained in the respective answers.

■■ The Commonwealth contends that the burden was on the property owners to establish the fair cash value. It is usually so under the rule of presumption that where there has been an assessment made by an assessing body, the taxpayer must show it to be wrong. We have held in proceedings under the predecessor of KRS 132.330 and 132.340, under which these are prosecuted, that although the county judge acts initially as an agency in the assessment of property, he acts judicially and his judgment is the judgment of a court, as is that of the circuit court on appeal to it. Stearns Coal & Lumber Co. v. Commonwealth, 167 Ky. 51, 179 S.W. 1080; City of Covington v. Shinkle, 175 Ky. 530, 194 S.W. 766; Thomas Forman Co. v. Owsley County Board of Supervisors, 267 Ky. 224, 101 S.W.2d 939. And, as stated above, civil rules of practice apply. In any event, the county court never fixed the values, and we do not think the burden of proof, resting on the rule of presumption, applies.

■■ The Commonwealth further contends for the application of the law of the case rule or that branch of the doctrine of res judicata which prevents the relitigation of issues which should have been litigated

on the former appeal. The response to that must be that the series of appeals related only to the legal questions; that neither the county court, nor the circuit court, undertook to fix the values or make the assessments but left the matter open. This and the absence of proof were pointed out in briefs on a former appeal to this court. This court had no inclination or power to fix the values or make the assessments initially with or without evidence. We do not think the rule of res judicata can be applied, for this issue was not even lurking in the records before us. It had never been adjudicated.

The circuit court misconstrued the conclusion of our former opinion. The case should have been remanded by that court to the county court to proceed with the assessments of the property in accordance with prescribed processes.

The motions for appeal are sustained and judgments are reversed that such an order may be entered.